## PHINNEY *against* EARLE.

In an action    IN ERROR, on *certiorari*, from a justice's court. *Earle*
before a jus-
tice, the con- sued *Phinney*, before the justice, on a promissory note, dated 7th
stable who
served the *December*, 1810, for 13 dollars and 60 cents, payable on demand
summons, an-
swered for the to *J. Allen* or bearer, on which was endorsed one dollar and four
plaintiff, and cents.
presented to
the justice, the note on which the suit was brought, and stated the plaintiff's demand. This was
held not to be *appearing* and *advocating* the cause, within the meaning of the act. (Sess. 31. c.
204.)
  The defendant pleaded that while one I. was the owner and possessor of this note, he sued him
before a justice, and I. neglected to set off the note, pursuant to the act. It appeared that the
note was offered as a set-off, but was objected to by the defendant, and rejected by the justice, be-
cause, before it became due, and previous to its transfer, the plaintiff had agreed to receive pay-
ment in ashes. It was held, that the defendant, after having objected to the admissibility of the set-
off, could not take advantage of a want of it; and that the set-off made by I. was, under the cir-
cumstances, properly rejected.

On the return of the summons, the defendant and his attorney appeared, and the constable who served the summons, said he would appear and answer for the plaintiff, if the defendant and his attorney would take no advantage of it, to which they agreed, and the constable then presented and declared upon the note; and the defendant pleaded *non assumpsit.* The cause was adjourned for trial. The defendant admitted the note in question, and proved, that he had before sued one *Luther Johnson*, before another justice, and recovered against him, and that *Johnson* was then the owner and possessor of the same note, and did not set it off, pursuant to the statute. The defendant proved, that in the suit against *Johnson*, the note was offered as a set-off by him, and the justice rejected it, on the ground, that previous to the transfer of the note by *Earle* to *Johnson*, and before the same was due, *Earle* had agreed to receive payment of it, in ashes.

The plaintiff also proved that, before and since the commencement of the suit, the defendant had confessed, that he justly owed the amount of the note, and requested the plaintiff to take payment in blacksmith's work.

The justice gave judgment for the plaintiff, for thirteen dollars and 90 cents.

*Kellogg*, for the plaintiff in error.

*Richardson*, contra.

*Per Curiam.* There is no error in the proceedings or judgment. The constable who served the process, did not "*appear and advocate*" for the plaintiff, within the meaning of the act. (Sess. 31. c. 204.) The statute refers to an appearance, at the trial of the cause. He merely appeared for him to present the note to the justice; and did not appear at the trial. The former judgment against *Johnson*, while holder of the note in question, was no bar to the plaintiff's suit, because, under the special agreement to take payment of the note in ashes, the note was not negotiable after it was due, without being subject to that agreement; and it was properly rejected, when offered as a set-off by *Johnson*. It was returned, therefore, to the plaintiff below, and the defendant, after such return, had confessed that he owed it to the plaintiff. Having objected to its admissibility, as a set-off by *Johnson*, he cannot now take advantage of that act, (even if erro-

NEWYORK, neous,) to defeat a recovery altogether on the note. Nor does it
Oct. 1812. appear, that the judgment was for more than the face of the note,
with interest, deducting the endorsements.

