ALBANY,
Jan. 1813.

WATKINS *against* WEAVER.

WATKINS
v.
WEAVER.

IN ERROR, on *certiorari*, from a justice's court. *Weaver* brought an action, before the justice, against *Watkins*, as a consta- ble, for not executing and returning an execution in favour of the plaintiff, against one *Bisbee*, according to law. In *February*, 1812, *Aaron Burnett*, as attorney of the plaintiff, appeared and declared for him, against the defendant. Issue was joined, and a trial by jury demanded by *Burnett*, as attorney for the plaintiff; and being a *constable* of the county, he, at the same time, asked permission of the defendant, who knew that it was contrary to the act, to summon the jury, to which he consented, and the consent was entered by the justice upon his minutes. *Burnett* accordingly took the *venire*, and summoned the jury. At the trial, the de- fendant challenged the *array*, because *Burnett*, who acted as at- torney for the plaintiff, had summoned the jury. The objection was overruled by the justice, on the ground of the previous con- sent and approbation of the defendant. The defendant made a defence on the merits; and the jury found a verdict for the plain- tiff, on which the justice gave judgment.

Where a con- stable, in a suit before a justice, ap- pears as the attorney of the plaintiff, he cannot serve the *ve- nire* or pro- cess for a jury; and it is a cause of chal- lenge to the *array*, if the jury has been summoned by a constable who acts as the advocate of the party; but when the defendant ex- pressly con- sents to the jury being summoned by the constable who appears and advocates for the plain- tiff, he cannot, afterwards, challenge the array on that ground.

*J. V. N. Yates*, for the plaintiff in error.

*Hanson*, contra.

*Per Curiam.* The only objection taken to the return is, that the challenge to the array was overruled. It was made on the ground that *Burnett*, the constable who had summoned the jury, had previously appeared as the plaintiff's attorney. The justice overruled the challenge, because the defendant had, previous to the issuing of the *venire*, consented, in open court, (an entry of which was entered on the minutes at the time,) that *Burnett* should summon the jury, notwithstanding he was the plaintiff's advocate. The words of the statute, relating to this subject, are, " That no constable, serving the original, or jury process, shall be permitted to appear and advocate, for either party, in any such cause." It does not appear that *Burnett* appeared as an advo- cate, after the return of the *venire;* nor did he serve the original

ALBANY,
Jan. 1813.

process. The case does not, then, come within the act, for the assistance that *Burnett* gave the plaintiff, as his advocate, before the awarding of the *venire*, was lawful. The question is, whether *Burnett* was competent, circumstanced as he was, to summon the jury. If the consent of the defendant did not cure the act, there is no doubt that *Burnett*, being the plaintiff's advocate, was incompetent to summon the jury; and we have an ancient case in point, (*Year Book, 33. Assises, 12.*) in which the array was quashed for that very cause. But the defendant may, in many cases, preclude himself from the challenge. Thus, if the plaintiff should pray that the *venire* be awarded to the *coroner* for favour, or affinity of the sheriff, and the defendant denies it, or will not confess the fact, he is concluded from challenging the array, afterwards, for that cause: (*Co. Litt.* 157. b. *Roll. Abr.* tit. *Trial*, H. pl. 4, 5, 6 and 7.) And it is laid down by the better authority, (though there seems to be some contradiction in the old books, on the point,) that if the *venire* be awarded to coroners, when it ought to be to the sheriff, or the *visne* comes out of a wrong place, yet if it be by assent of parties entered of record, it shall stand; for *consensus tollit errorem.* (*Co. Litt.* 126. a. *Fineaux* v. *Hovenden, Cro. Eliz.* 664.) The consent, in the present case, was taken as pointedly and solemnly as it could have been given, and with full knowledge of the facts, and of the law; and as there is no objection on the merits of the controversy, we think the challenge was well overruled.

Judgment affirmed.