Curia.

It was no doubt well settled, at common law, that the empanelling of a jury by the attorney of either party, was cause of principal challenge to the array. (Baylis v. Lucas, 1 Cowp. 112. Wathins v. Weaver, 10 John. 107.) These were cases of the empanelling and summon ing officer, who was attorney for the party. And under our system of selecting and summoning jurors *in courts of record, by which the sheriff has no legal power of choice, it has been holden a good cause of challenge, that he, (being a party,) summoned the jury. (Woods v. Rowan, 5 John. 133.) He may abuse his power by omitting to summon a part; and this is the ground taken by the court. The power of selection, if he will illegally exert it, therefore, exists to a certain extent. But we perceive hardly a chance to exert such a power, with the clerk. The names of persons qualified to serve on juries are first transmitted to him by town officers. These being written on ballots, and placed in a box, a sufficient number to make the jury for the circuit, are to be publicly drawn by him 14 days before the circuit; previous public notice of 10 days being given as to the time and place of drawing. (1 R. L. 328, 339, 330, sess. 37, ch. 171.) His character of attorney is known to the opposite party, who may attend the drawing. The right of challenge to the array still remains, for any specific abuse by the clerk; (Gardner v. Turner, 9 John. 260; Pringh v. Huse, 1 Cowen, 432;) and a ‘challenge to the polls may be interposed, with time and opportunity to detect and bring forward particular objections. After securing all these advantages, the legislature have themselves provided, that clerks of circuits may practice as attorneys in the supreme court. (1 R. L. 417, 418, s. 10.) It is hardly to be supposed, that, after such labored enactments to secure a general jury for the circuit by lot, the legislature meant to adhere to the old and inconvenient practice of the sheriff empanelling and summoning a particular jury for every cause in which the clerk should happen to be *722 concerned as attorney for either party. Yet such would be v l j the consequence of sanctioning this challenge. They rather seem to have supposed that, so many guards being interp0Se3 against abuse, there could be no danger in uniting the- office of attorney and clerk in this particular instance. Otherwise they would, probably, have forbidden him to act as attorney in the court of which he is clerk, without exception. They have done so of other clerks; and the pro*hibition is still more extensive as to sheriffs and coroners. (1 R. L. 417, 418, s. 10.)
Upon the whole, we think the circuit judge was right in sustaining the demurrer.
Merits are sworn to by the defendant, but we cannot interfere on that ground. The defendant should have gone to trial. This would have waived no right to raise the present objection, on motion or writ of error. The challenge was merely technical. No actual abuse was pretended, or is now. There is no pretence that the party would not have had, in fact, as fair a trial as if the jury had been drawn by a stranger. No substantial excuse for not trying is given.
Motion denied.