## MILES vs. PULVER.

It is not a good ground of challenge to the array, in a justice's court, that the constable who served the venire had, on the return of the summons, appeared and pleaded for the defendant, where he had done no other act as the defendant's attorney.

The fact that the constable who served the venire had, at the defendant's request, employed an attorney to appear for her on the trial, will not support a challenge to the array.

ERROR to the Yates common pleas. Miles sued Catharine Pulver in trover; and issue being joined, the cause was tried on an adjourned day by a jury summoned at the instance of the defendant. On the return of the venire and before the jury was drawn, the plaintiff challenged the array on the grounds, 1st, that the constable who served the venire had appeared as the attorney for the defendant, and joined issue; and 2d, that the said constable had, as the agent of the defendant, engaged a lawyer to try the cause on her behalf. The defendant denied the allegations; and Eaton, the constable referred to and who had served

and returned the venire, was sworn. as a witness on the subject of the challenge. He testified that the summons in the cause was given to him to serve, that he found the defendant shut up in a room, and that she would not, at first, permit him to serve it personally, saying that she wished to go a journey and could not be hindered; that he then said to her that if she would come out and let the summons be served personally, he would attend for her at the joining of the issue; that she came out and the summons was served, and at the return day he appeared for her and pleaded the general issue, the plaintiff being present and consenting that he should thus appear. He further stated that after the adjournment he, at the defendant's request, saw and employed Mr. Taylor, a lawyer, to try the cause for her. She desired him to get Mr. Taylor, or some other man, to attend, and agreed to provide a conveyance and furnish a man to work in his stead while he was gone, which she accordingly did. The justice overruled the challenge, and after a trial on the merits there was a verdict and judgment for the defendant, which judgment the common pleas reversed on certiorari.

*J. Taylor*, for the plaintiff in error.

*L. H. Welles*, for the defendant in error.

JEWETT, J. The challenge to the array was for principal cause, and the question presented for our determination is whether it was properly overruled. It is highly important to the due administration of justice, that every trial should be fair and impartial: and to attain this end it is obvious that jurors must be indifferent between the parties litigant. This cannot well be expected, unless the officer whose duty it is to select them is free from bias or partiality. The law presumes that the attorney or counsellor of a party is not thus free from bias, and therefore holds it a good ground of challenge to the array, that the attorney of one of the parties happens to be the man who returns the jury. (*Baylis* v. *Lucas, Cowper*, 112.) Formerly it was provided by statute, (1 *R. L.* 399, § 27, and

*Laws of* 1804, 291, § 26,) that no constable serving the original or jury process in any cause, should be permitted to appear and *advocate* for either party.

The case of *Watkins* v. *Weaver*, (10 *John.* 107,) was this—Weaver sued Watkins before a justice. Aaron Burnett appeared as the attorney for the plaintiff and put in his declaration. Issue was joined and trial by jury demanded by Burnett as the attorney for the plaintiff, and being a constable, he asked permission of the defendant, who knew it was contrary to the statute, to summon the jury. The defendant consented, and the justice entered such consent in his minutes. Burnett summoned the jury. At the trial the defendant challenged the array because Burnett, who acted as attorney for the plaintiff, had summoned the jury. The justice overruled the challenge on the ground of the previous consent. This court, on certiorari, held that when a constable appears as the attorney of the plaintiff, he cannot serve the venire for a jury, and that it is a cause of challenge to the array, when a jury has been summoned by a constable who acts as the advocate of the party : but as the party in that case had previously consented that the constable might serve the venire, they held that he could not afterwards challenge the array on that ground. · It is supposed by the counsel for the defendant in error, that this case proves that the challenge in the case before the court was well taken. I am inclined to think otherwise. It seems to me that the legislature has virtually permitted a constable who serves the original or jury process, to act strictly in the character of an attorney for either party in any stage or proceeding in a cause before a justice, *except upon the trial of the cause.(a)* If this be so, the service of the jury process by such constable would not be a good ground of principal challenge to the array. It is enacted (2 *R. S.* 233, § 44,) that " a party authorized to appear by attorney may appoint any person to act as such attorney ; but the constable who served either the original

---

(a) See *Phinney* v. *Earle*, (9 *John.* 352 ;) and *Kittle* v. *Baker*, (*id.* 354.) Tho former statute seems to have received the same construction as that which the court give to the present one.

Miles *v.* Pulver.

or jury process in the cause, shall not appear and advocate foɪ either party at the trial, *but may act as attorney in any other stage or proceeding in the cause.*"

This construction is, I think, strengthened by the case of *Wakeman* v. *Sprague,* (7 *Cowen,* 720.) There this court held that it was not a good ground of principal challenge at the circuit, that the clerk of the circuit was attorney for a party, and was so at the time of drawing, making and arranging the pannel, on the ground that the legislature had provided that the clerks of the circuit might practise as attorney in this court. So in the case of a constable, the law allows the officer who serves either the original or jury process in the case, to act as the attorney for either party in any other stage or proceeding in the cause except to appear and *advocate* for either party at the trial. The mere fact then, that the constable appeared for the defendant and put in the plea of the general issue, did not, as I think, disqualify him from serving the jury process, or furnish good cause of principal challenge to the array. The right of challenge to the array still remains for any abuse by the constable in selecting the jury; and with this guard there is good reason to think that the legislature supposed there would be no danger in allowing a constable to serve the venire, he being prohibited from acting for either party on the trial. There is no ground for belief that the constable who summoned the jury was guilty of any abuse in the discharge of that duty, or that he had any partiality or preference for either party over the other.

The constable, at the request of the defendant, called on and engaged an attorney to assist her on the trial. This he did as her agent, not from motives of friendship or partial feeling in her behalf, but merely as a matter of business upon being compensated for his time, and it did not, in my opinion, render him incompetent to serve the venire.

The judgment of the common pleas must be reversed, and that of the justice affirmed.

BRONSON, Ch. J. concurred

BEARDSLEY, J. dissented—holding that the challenge to the array was well taken, and should not have been overruled.

Judgment reversed.(*b*)

(*b*) Affirmed in the court for the correction of errors, Dec. 1846.