Hathaway *v.* Helmer.

---

## HATHAWAY *vs.* HELMER.

It has always been considered a principal cause of challenge to a juror, that he is the tenant of either of the parties to the suit. And the act of the legislature, abolishing the landlord's right to distrain the goods of his tenant for rent, has not removed this ground of challenge.

The supposed bias of the tenant, in favor of his landlord, still remains; and he should not be allowed to sit as a juror in an action to which his landlord is a party.

Where a party, on a trial before a justice, challenges a juror, but the justice overrules the objection, and allows him to sit as a juror; and after the rest of the jurors have been drawn, the justice asks the parties if they have any objection to the jurors as they stand, to which they reply in the negative, this does not operate as a *waiver* of the objection taken to the juror challenged.

THE plaintiff recovered a judgment in this action before a justice of the peace, for $92.44 damages, and $5 costs, which judgment the Cortland county court affirmed, on appeal. The action was tried by a jury, that was summoned at the instance of the defendant. The only points considered in the case are sufficiently stated in the opinions which follow.

*Hiram Crandall,* for the plaintiff.

*H. C. Miner,* for the defendant.

BALCOM, J.   The defendant challenged John Hickey, who was drawn as a juror, on the principal ground that he was a tenant of the plaintiff.   The plaintiff thereupon admitted that Hickey rented a house and lot of him, and worked for himself, being a carpenter, and had the avails of his labor.   The justice then decided that Hickey was a competent juror, and the defendant excepted to his decision.

It has always been considered a principal cause of challenge to a juror, that he is the tenant of either party.   (*Gra. Pr.* 2d ed. 304.   2 *Cowen's Tr.* 2d ed. 889.)   The act of the legislature abolishing the landlord's right to distrain the goods of his tenant for rent, has not removed this ground of challenge. The supposed bias of the tenant, in favor of his landlord, still remains ; and he should not be allowed to sit as a juror in an action to which his landlord is a party.

The justice, in his return, says, that after he made his decision, allowing Hickey to sit as a juror, and after the rest of the jurors were drawn, he asked the parties, or their attorneys, if they had any objection to the jurors as they stood, and that they both replied they had not.   The plaintiff's counsel claims that this statement by the defendant, or his attorney, operated as a waiver of the objection on the part of the defendant to the juror Hickey.   This position is untenable.   The defendant could not have regularly renewed his challenge to Hickey at that stage of the proceedings in the action.   His attorney had duly challenged him, and the justice had overruled the challenge, and the attorney had duly excepted to such ruling.   The reply made to the interrogatory of the justice, to the effect that the defendant had not any objection to the jurors as they stood, only meant that he *then* had no legal objection that he could make, or desired to make, to any of the jurors.

The fact that the defendant might have challenged Hickey peremptorily, (*Laws of* 1847, *p.* 130, *ch.* 134,) does not prevent him from taking advantage of the error of the justice in refusing to reject Hickey upon the challenge for cause.   (*The People* v. *Bodine,* 1 *Denio,* 281.)   The defendant did not

waive his exception to the decision of the justice, allowing Hickey to sit as a juror upon the trial.

The judgment of the county court, and that of the justice, in the action, must therefore be reversed, with costs.

MASON, J. It is a good cause of challenge to a juror, that he is the tenant of a party to the suit. (*Co. Lit.* 158. *Gilbert C. P.* 95. 5 *Bacon's Abr.* 353, *Bouv. ed. title Juries, letter E. Gra. Pr.* 304, 2d ed. *Trials per pais*, 166. *Jenk. Cent.* 141. *Viner's Abr. Trial G. d.* 17.) It was held, in the case of *Ripler* v. *Lodge*, (16 *S. & Rawle*, 214,) that a tenant who holds lands from year to year, as a cropper, is disqualified as a juror in an action to which his landlord is a party. The rule is held in unqualified terms in the case of *The Harrisburgh Bank* v. *Forster*, (8 *Watts*, 304,) that it is good cause of challenge that a juror is tenant of one of the parties. The same rule has been declared by the supreme court of Connecticut. And in the case of *Brown* v. *Wheeler*, (18 *Conn. R.* 199,) the objection was taken to the bondsman of the prosecution. The juror challenged in that case was the tenant of the bondsman for the prosecution; but the court held the juror competent. If the sheriff is tenant of either of the parties, it is held a good principal cause of challenge to the array. (5 *Bac. Abr.* 343, *Bouv. ed.*) But if either of the parties is tenant to the sheriff, it is a cause of challenge to the favor only. (*Id.* 343.) And so that a party to the suit is tenant to the juror, is a challenge to the favor only. (*The People* v. *Bodine*, 1 *Denio*, 306.) And so is the fact that a juror is indebted to the party. (*Id.* 306, *and cases there cited.*)

It is claimed and insisted, on the part of the plaintiff, that since the abolition of the landlord's right to distrain for rent, the relation of landlord and tenant is merely that of general debtor and creditor, and that the reason of the rule which disqualified the tenant therefore fails. If the only reason of the rule was the right of the landlord to distrain, this might be so, but I do not understand the rule to be based on that consideration alone. The landlord never had the right to dis-

train if the tenant kept up his rent, and he was just as much disqualified when the relation existed as if there was rent actually due. The reason of the rule, I apprehend, is similar to that which disqualifies a servant of the party: it proceeds upon the supposed relations which exist between the parties. It is also claimed, on the part of the plaintiff, that the defendant waived his objection to this juror. The return states that after the challenge by the defendant, to the juror Hickey, and after the decision of the justice allowing him to sit, and after the balance of the jurors were drawn, the justice asked the parties if they had any objections to the jurors as they stood, and that they both replied they had not. This inquiry of the justice must be held to apply to the other jurors. It would be a very forced construction, so far as the defendant is concerned, to construe it as applying to the jurors he had challenged, and sought to have removed from the panel; especially so, as the justice had decided the juror to be competent, and determined the objection against the defendant. There was no propriety in again raising the objection at that stage of the trial; and neither the inquiry of the justice nor the answer of the defendant should be construed to apply to that juror.

This judgment ought also to be reversed on the merits. There is no cause of action established by the evidence in the case. The action against the defendant is for fraud, in falsely representing one John Helmer to be good and responsible; to be worth from $300 to $500, in consequence of which the plaintiff was induced to sell, and did sell, to him a horse and a threshing machine, of the value of $150, &c. Now the evidence in the case shows that the horse and machine were sold to Helmer for $135, and that the plaintiff took as pay, two notes made by the said Helmer, one for $85, and the other for $50; and that the payment of the said notes was guaranteed by Frederick Kelly and Calvin L. Hathaway, who are abundantly responsible and able to pay the notes; and that no effort has been made to collect the notes of them; and that at the same time the plaintiff took a chattel mortgage on the same property, as security for the payment of the notes, upon which

---

Smith *v.* Maine.

---

he has taken this property and sold it, and realized enough to pay one of the notes, and that the other note was not due when this suit was tried. There is therefore no ground for any action against the defendant; for the plaintiff has a perfectly good note out of which he can collect his pay for his property. There are three things to be established to entitle the plaintiff to recover in this action. The false recommendations as to the credit of Helmer must have been made with the intent to defraud, and must be relied on by the plaintiff, and must cause the damage claimed. (7 *Wend.* 9. 3 *John.* 271. 6 *id.* 181. 13 *id.* 224, 325, 395.) The evidence in the case at bar utterly fails to show that the plaintiff has sustained any damage in the sale of his property, as Helmer gave him good and responsible sureties, who guaranteed his paper, and are abundantly able and responsible to pay him; and besides, he took the precaution to take a chattel mortgage upon the property, and has taken the very property upon that mortgage. The judgment of the county court, and that of the justice, must be reversed.

GRAY, J., concurred.

Judgments reversed.

[BROOME GENERAL TERM, January 13, 1857. *Gray, Mason* and *Balcom*, Justices.]