## BERRIAN a. THE METHODIST SOCIETY IN NEW YORK.

*New York Superior Court ; Special Term, May,* 1857.

SERVICE OF SUMMONS ON CORPORATION.—TRUSTEES DE FACTO.

The trustees of a religious corporation and officers appointed by them, whose elections and appointments were in conformity with the formalities prescribed by the statute, and who have in fact acted and are acting as such, are at least officers *de facto,* upon whom alone can a valid service of process be made.

Where a suit against such a corporation was commenced in the Superior Court, by service upon certain parties claiming to be officers, but not in possession of the offices,—

*Held,* upon motion of the officers *de facto,* after judgment by default—1. That all the proceedings must be vacated as irregular.

2. That the title of the acting trustees could not be investigated upon the motion.

3. That if they were intruders, the Superior Court had no jurisdiction to determine the question.

Motion to vacate summons, complaint, and judgment entered thereon as by default.

It appeared from the affidavits that there were, at the time of the commencement of this action, and had been for several years previous, two organizations, each claiming to be the legally constituted board of trustees and officers of the defendants. One of these bodies, whose president was J. P. Concklin, had been during that time in exclusive possession and control of the church edifice and property. This action was commenced by service of process upon Cornelius Berrian, the alleged president of the other body claiming to be the board. After judgment as by default, and execution issued, counsel employed by the acting board moved to vacate the proceedings, upon the ground, among others, that the person upon whom the summons was served was not any officer or agent of the defendants.

*D. McMahon,* for the motion.

*C. Shaffer,* opposed.

Berrian *a.* The Methodist Society in New York.

BOSWORTH, J.—The defendant moves to set aside a judgment rendered against it by default, on the 26th day of March, 1852, for $2,507.99 damages and costs. The action was for moneys alleged to have been advanced by Cornelius Berrian, the assignor of the plaintiff, and was commenced by the service of the summons and complaint on the 28th day of February last, on Cornelius Berrian, who is described as president of the defendant's Board of Trustees, and its managing agent. The defendant moves, not only to set aside the judgment, but the summons and the complaint, on the ground, among others, that Cornelius Berrian, alleged to be the president of the corporation, was not, at the time of the service of the summons and complaint, the president of the Board of Trustees, and that therefore the suit was not properly commenced.

The affidavits of both sides, although in conflict with each other, leave no doubt that, since some time in 1853, neither Cornelius Berrian, nor those alleged to be with him, trustees or other officers of the defendants, have in fact acted or been permitted to act as such.

John P. Concklin was the *acting* president of the defendant's trustees, when this action was commenced. He and his associates were, so far as statutory formalities are concerned, regularly elected officers of the church and society, have acted as such, and have had, and now have, exclusive possession and control of the church edifice, and the temporalities of the society.

The persons who for over five years have met in the church edifice for worship, have elected the officers of the society, and appointed and supported its preachers, must be deemed for all the purposes of this motion as competent to appoint the trustees. And the trustees and officers appointed by them, in conformity with the provisions of the statute, and who have, in fact, acted and are continuing to act as such, are, at least, trustees and officers *de facto;* and on them alone, while such a state of things exists, can a valid service of process be made.

How much a want of conformity in their proceedings to the discipline of the society may affect the title of the acting trustees or their agents to their officers, cannot be investigated on this motion.

If the trustees and officers *de facto* are intruders, the proper proceedings to determine that question, and obtain such an ad-

judication and their removal, and a new election of officers and trustees in a lawful manner, must be taken and prosecuted elsewhere.

This court has no jurisdiction of such matters.

All the proceedings must be vacated, as being irregular, with $10 costs of this motion.