GREENE COUNTY COURT.

James Eldredge, respondent, agt. Arthur McNulty, appellant.

Where the *constable* who serves the summons for the plaintiff in a justice's court appears and advocates the cause on the trial for the defendant, who did not appear in person, without producing any authority, and without objection by the plaintiff, who personally appeared, the *defendant* cannot, on appeal, take advantage of such appearance by the constable for a reversal of the judgment.

*March Term*, 1864.

Appeal from a justice's judgment. The facts appear in the opinion.

James W. Hiseerd, *for appellant.*
D. K. & J. B. Olney, *for respondent.*

Griswold, *County J.*—The plaintiff appeared in person upon the joining of issue and trial of the cause before the justice. The defendant did not appear in person. The constable who served the summons in the action for the plaintiff appeared and advocated the cause for the defendant on the trial without proof of his authority from the defendant and without objection from the plaintiff. The defendant now appeals, and alleges this for error under section 42, article 3, title 4, chap. 2, part 3, of the Revised Statutes, providing "that the constable serving the original or jury process should not appear and advocate for either party at the trial."

The cases in 11 *Wend.*, 73, 18 *How.*, 279, and in fact all the cases so far as I have noticed where it has been held error under this statute, the defendant alleged this for error where the constable had served the process for the plaintiff, the

Eldredge agt. McNulty.

party for whom he advocates the cause, under the objection of the defendant, or when the defendant did not appear, and was therefore presumed to have objected. I think from the case in 2d *Johns.*, 284, which was before this statute, that the statute was made for the benefit of the party against whom the constable advocated the cause.

The wrong which the statute seems to have been intended to reach, it seems to me, can only be likely to occur to the party against whom he advocates the cause, as in serving the summons, where he may mislead the defendant as to time or place, and then advocate for the plaintiff, or serving a venire while advocating for one of the parties against the other. It therefore seems somewhat doubtful whether the party for whom the constable acts can allege for error that the constable advocated for him.

But there is no doubt (even if the party for whom the constable acts may allege that for error) that that party may waive the error, or, in other words, a statute made for his benefit (11 *Wend.*, 74; 3 *Den.*, 84).

If Butler is presumed to have acted by authority from the defendant, of course that must be a waiver, so far as the defendant is concerned.

Judge COWEN says, in 15 *Wend.*, 653: "The statute (2 *R. S.*, § 43, 4*th ed.*) requiring proof of the authority of the attorney was for the security of the opposite party." It would seem from that case that so far as the party for whom the attorney appears in a justice's court is concerned, the attorney, as in courts of record, is presumed to act by authority.

I am not entirely clear as to the law; but being in doubt, and it clearly appearing from the return that no injury could have resulted to the defendant by Butler's acting as attorney, but on the contrary it clearly appearing that the plaintiff's judgment by a judicious cross-examination of plaintiff's witnesses by Butler was in fact reduced some four dollars, I think I ought not to reverse the judgment. It is therefore affirmed.