JAMES CARPENTER, Plaintiff in Error, v. THE PEOPLE,
Defendants in Error.

64   483
139  511

A challenge to the array of a grand jury cannot be allowed. (2 R. S., 724, §§ 27, 28.)

A challenge to the array of petit jurors, at a Court of General Sessions for the city and county of New York, alleged that the jurors were not selected by the commissioner of jurors of said county, and that neither he nor any one on his behalf attended the drawing; but that the jurors were selected by one appointed by the mayor as commissioner, and that the statute, under which the mayor acted, was unconstitutional. *Held*, that the challenge showed upon its face that the jury were selected by an officer *de facto*, whose acts, in the exercise of the functions of the office, were valid as to the public, and whose appointment could not be questioned collaterally; and that therefore a demurrer to the challenge was properly sustained.

(Submitted March 20, 1876; decided April 4, 1876.)

ERROR to the General Term of the Supreme Court to review judgment affirming a judgment of the Court of General Sessions of the Peace in and for the city and county of New York, convicting plaintiff in error of the crime of burglary in the third degree.

Before the grand jury, by whom the plaintiff was indicted, were impanneled and sworn, his counsel interposed a challenge to the array of grand jurors which alleged substantially that Douglas Taylor was duly and legally elected and qualified as commissioner of jurors of the city and county of New York, but was illegally-removed from office by the mayor of the city; that the jurors were not selected by him, nor by any person authorized by him, and that no person on his behalf attended the drawing of grand jurors, but that they were illegally selected by one Thomas Dunlap, who had no legal authority to act, who had been appointed by the mayor, in the exercise of a pretended right, and that the act of the legislature, under which the mayor acted, was unconstitutional, to which challenge the district attorney demurred and the

demurrer was sustained. On the trial the counsel for the prisoner challenged the array of petit jurors upon the same grounds. This challenge was also demurred to, and the demurrer sustained.

*Wm. F. Howe* for the plaintiff in error. The objection that the jurors had been improperly chosen, or by an unauthorized officer, was valid. (*Parker* v. *Thornton*, 2 Ld. Raym., 1410; *Kennedy* v. *Williams*, 2 N. & McC., 79; *Comm.* v. *Gallagher*, 4 Pa. L. J., 520; *Jordan* v. *Meredith*, 3 Yates, 318; *Howland* v. *Gifford*, 1 Pick., 38; *State* v. *Babcock*, 1 Conn., 401; *Stanton* v. *Beadle*, 4 T. R., 473; *Russell* v. *Ball*, Barnes, 455; *King* v. *Tremayne*, 7 B. & R., 684.)

*Benj. K. Phelps*, district attorney, for the defendants in error. The demurrer to the challenge was properly sustained. (*Leech's Case*, 9 Howell's State Trials, 358; *Friery's Case*, 2 Keyes, 452; *Ferris' Case*, 31 How. Pr., 140; *People* v. *Jewell*, 3 Wend., 321; 6 id., 388; *Cohn* v. *Smith*, 9 Mass., 107; *State* v. *Brooks*, 9 Ala. [N. S.], 1.)

RAPALLO, J. The challenge to the array of grand jurors was properly disallowed. Under the provisions of 2 Revised Statutes (p. 724, §§ 27, 28) no such challenge can be allowed.

The challenge to the array of petit jurors is founded wholly upon the allegation that the jurors were not selected by Douglas Taylor, the commissioner of jurors of the county of New York, and that he did not, nor did any person on his behalf, attend the drawing of such jurors. But it is also stated in the challenge, that the jurors were selected by Thomas Dunlap, who had been appointed by the mayor of the city such commissioner of jurors. That the mayor exercised a pretended right to appoint Dunlap, but that the act of the legislature under which the mayor appointed him was unconstitutional.

It thus appears, on the face of the challenge, that the person who acted as commissioner of jurors had been appointed

to that office by the mayor of the city of New York, in pursuance of an act of the legislature, and that under color of that appointment he assumed to and did exercise the functions of the office. He was therefore a *de facto* officer, whose acts were valid as to the public, so long as he continued to occupy and exercise the functions of the office; and the validity of his appointment could not be drawn in question in this collateral manner. The demurrer to the challenge was, therefore, properly sustained.

The judgment must be affirmed.

All concur.

Judgment affirmed.