(14 Misc. Rep. 503.)

### STILLMAN v. ASSOCIATED LACE MAKERS' CO.

(Common Pleas of New York City and County, General Term. December 2, 1895.)

SUMMONS—SERVICE ON CORPORATION—OFFICER DE FACTO.

Service of summons on the president de facto of a defendant corporation gives the court jurisdiction of such defendant corporation; and a subsequent adjudication, in a proceeding to which plaintiff was not a party, that the person served was not president de jure, is ineffectual to divest or defeat jurisdiction.

(Syllabus by the Court.)

Appeal from special term.

Action by Howard Y. Stillman against the Associated Lace Makers' Company. From an order denying a motion to vacate a judgment, defendant appeals. Affirmed.

Argued before DALY, C. J., and BOOKSTAVER and PRYOR, JJ.

Ronald K. Brown, for appellant.

Howard Y. Stillman, for respondent

PRYOR, J. The appeal is from an order denying a motion to vacate a judgment on the ground that the person on whom process was served was not lawful president of the defendant corporation. But by stipulation of the parties that person was president de facto; and in every jurisdiction, from the necessities of social order and distributive justice the acts of an officer de facto are conclusive as to the public and third persons. Demarest v. Mayor, etc., 147 N. Y. 203, 208, 41 N. E. 405; Lambert v. People, 76 N. Y. 220, 231; Carpenter v. People, 64 N. Y. 483; Dolan v. People, Id. 485; People v. Terry, 108 N. Y. 1, 14 N. E. 815; Trustees v. Hills, 6 Cow. 23; Association v. Baldwin, 1 Metc. (Mass.) 359; Hildreth's Heirs v. McIntire's Devisee, 19 Am. Dec. 66, note; Mallett v. Mining Co., 90 Am. Dec. 484, note; Ward v. State, 91 Am. Dec. 270, note; 5 Am. & Eng. Enc. Law, p. 94. Hence, by service on the president de facto, the court acquired jurisdiction of the defendant (Berrian v. Methodist Soc., 4 Abb. Prac. 424, 425, 6 Duer, 682); and upon the plainest principles that jurisdiction was not divested or defeated by the subsequent order of the supreme court in a summary proceeding to which this plaintiff was an entire stranger. Taylor v. Ranney, 4 Hill, 619, 623. Indeed, the order does not determine that the president was not an officer de facto, but only that he was not such de jure. Were the motion under review an address to the favor of the court, we should not be justified in admitting appellant to a defense after its deliberate refusal to appear on the trial, and its long delay in applying for relief. It disclaims, however, the position of a suppliant, and stands defiantly upon its supposed right. In default of such right, we have no alternative but to affirm the order.

Order affirmed, with costs and disbursements.    All concur.