(16 Misc. Rep. 4.)

## BALMFORD v. GRAND LODGE OF ANCIENT ORDER OF UNITED WORKMEN.

(Supreme Court, Appellate Term, First Department. February 26, 1896.)

SERVICE OF WRITS—OFFICER OF FRATERNAL CORPORATION.

Where the officers of a fraternal corporation are the grand master workman and the grand foreman, and the duties of the grand foreman are to preside in the absence of the grand master workman, a service of summons on the grand foreman is valid, within Code Civ. Proc. § 431, subd. 3, providing for service on a director or other official of a defendant corporation.

Appeal from city court of New York, general term.

Action by Thomas Balmford, administrator of Alfred Fogarty, deceased, against the Grand Lodge of the Ancient Order of United Workmen of the state of New York. From an order of the general term affirming, without opinion, an order at the special term denying a motion to set aside the service of summons, defendant appeals. Affirmed.

Argued before DALY, P. J., and McADAM, and BISCHOFF, JJ.

Isaac B. Barrett, for appellant.

J. Baldwin Hands, for respondent.

PER CURIAM. The application below was to set aside the service of a summons, upon the ground that Mr. Burnham, the person

on whom it was served, was not a director or other official of the defendant, within the meaning of Code, § 431, subd. 3. The defendant is a domestic, fraternal corporation, and Mr. Burnham is its grand foreman. In the affidavits in support of the motion, it is stated that there is no secretary, treasurer, director, cashier, clerk, or managing agent of the defendant. It is no doubt true that there are no officials in the corporation that are given the titles of office specified eis nominibus in the Code; but, being a corporation, it necessarily has officers to perform corresponding duties, and manage its affairs. Thus, the grand master workman is practically the president or head of the corporation; the grand recorder, the secretary or clerk; and the grand receiver, the treasurer. The duty of the grand foreman, as provided in the constitution of the order, is to assist the grand master workman, and, in his absence, preside over the lodge. In short, the grand master workman is president, and the grand foreman vice president, of the defendant. Webster defines a "director" to be one "who or that which directs; especially one of a body of persons who manage the affairs of a corporation." That Mr. Burnham was one of the persons who managed the affairs of the defendant is clearly shown by the section of the constitution and by-laws of the defendant copied in the opposing affidavits. The article referred to provides that the defendant shall be constituted' and composed of the following members, viz.: Grand master, grand foreman, and several others. It is therefore clear that the business of the defendant is managed by several officers, members of the defendant, of whom the grand foreman is one, and the service upon him was proper and sufficient. In Palmer v. Pennsylvania Co., 35 Hun, 369, the court, at page 371, said, "Every object of the service is attained when the agent served is of sufficient character and rank to make it reasonably certain that the defendant will be apprised of the service made." This was affirmed in 99 N. Y. 679, and was followed in Ives v. Insurance Co., 78 Hun, 32, 33, 28 N. Y. Supp. 1030. We think that service upon the vice president of a domestic corporation sufficiently satisfies the requirements of the adjudicated cases. In Barrett v. Telegraph Co., 138 N. Y. 491, 34 N. E. 289, the general superintendent was served; and though such an officer is not named, under section 431 of the Code, as one upon whom service can be made, the court nevertheless held the service good. At page 493, 138 N. Y., and page 289, 34 N. E., the court said: "The design of the statute was to secure notice of the commencement of a suit to the corporation, and it is very apparent, from the description in the statute of the persons upon whom service might be made, that the legislature intended to facilitate such service, and only required that the person served should sustain such responsible and representative relations to the corporation" as would secure notice to it of the commencement of the action. In Rochester, H. & L. R. Co. v. New York, L. E. & W. R. Co., 48 Hun, 190, service was made upon a division superintendent, and this was held to be sufficient; he being, so far as his division was concerned, a managing agent.

We think the commencement of this action has been brought as fully to the attention of the corporation as is possible.   See, also, Stillman v. Lace Makers' Co., 14 Misc. Rep. 503, 35 N. Y. Supp. 1071. And the order appealed from must be, therefore, affirmed, with costs.