COURT OF APPEALS,

July, 1914.

# THE PEOPLE v. WILLIAM C. DAMRON.

(212 N. Y. 856.)

(1.) LARCENY*—PEOPLE MAY APPEAL FROM ORDER REVERSING APPEAL.
The People have the right to appeal from an order reversing, on an error of law only, a judgment of conviction of the crime of grand larceny, and they are not required to give a stipulation for judgment absolute.

(2.) SAME—TRIAL—CHALLENGE TO THE PANEL.
A material departure to the prejudice of the defendant from the forms prescribed by the statute under which the jury was drawn is a sufficient foundation for a challenge to the panel, notwithstanding the provision of section 362 of the Code of Criminal Procedure that " a challenge to the panel can be founded only on a material departure, to the prejudice of the defendant, from the forms prescribed by the Code of Civil Procedure and the Judiciary Law * * *."

(3.) SAME—UNCONSTITUTIONALITY OF CHAPTER 564, LAWS, 1902.
Chapter 564 of the Laws of 1902, entitled " An act in relation to jurors, and to the appointment and duties of a commissioner of jurors in the county of Kings," is a local act providing for selecting and drawing petit jurors and so within the constitutional prohibition against the passage of local bills relative to the selection of jurors. (N. Y. Const. art. 3, § 18.)

(4.) SAME—STATUTES APPLICABLE TO SPECIAL JURIES IN KINGS COUNTY.
The provisions of chapter 602 of the Laws of 1901, as amended by chapter 458 of the Laws of 1904, respecting the drawing of special juries, are applicable to Kings county.

* See Note, Vol. 1, p. 355; Vol. 28, p. 180.

(5.) SAME—LAWS, 1904, CH. 458.

A challenge to the panel on the ground that the day specified in the order on which the jurors were required to attend court was less than five days after the day specified in said order for the drawing of a special jury, while the statute (L. 1904, ch. 458) provided for an interval of at least five days between the days upon which said jurors were drawn and were required to attend, was properly disallowed. The requirement was not for the benefit of the defendant, and the omission to observe it could not have prejudiced him in any way. It was solely for the convenience of the special jurors.

(6.) SAME—LAWS, 1901, CH. 602.

The provision of the statute (L. 1901, ch. 602) that "the order must specify the time when the drawing of such special jury shall take place" is clearly designed for the benefit of the defendant, and where an order prescribed that a special jury should be drawn at ten A. M. of a designated day and the jurors were drawn at nine A. M., which variance is attacked directly and seasonably by a proper challenge to the panel, it is neither technical nor unsubstantial, and the challenge should be allowed.

*People* v. *Damron*, 160 App. Div. 424, affirmed.

(Argued June 17, 1914; decided July 14, 1914.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered December 31, 1913, reversing a judgment rendered at a Trial Term for the county of Kings upon a verdict convicting the defendant of the crime of grand larceny in the first degree and granted a new trial.

The facts, so far as material, are stated in the opinion.

*James C. Cropsey, District Attorney*, for appellant. There is no merit in defendant's challenge to the panel of jurors. The trial court properly overruled it. The reversal by the Appellate Division, which was based solely upon this point, is erroneous. (Gardiner v. People, 6 Park. 155; Gardiner v. State, 26 Atl. Rep. 30; Thompson on Trials [2d ed.], § 33;

Thompson & Merriam on Juries, §§ 134–143; People v. Kiernan, 101 N. Y. 618; People v. Supervisors, 125 Ill. 334; Wilhelm v. People, 72 Ill. 468; People v. Hall, 169 N. Y. 184; Cox v. People, 80 N. Y. 500; People, 80 N. Y. 500; People v. Petrea, 92 N. Y. 128; Friery v. People, 2 Keys, 424; Dolan v. People, 4 N. Y. 485; Ferris v. People, 35 N. Y. 125; People v. Burgess, 153 N. Y. 561.)

*John J. Curtin* and *H. Randolph Guggenheimer* for respondent. It was error to overrule defendant's challenge to the panel submitted at the opening of the case, because there was no issue raised at the time of the challenge either as to its truth or its sufficiency and hence both stand admitted as a matter of law. (Code Crim. Pro. §§ 363–368; Cancemi v. People, 18 N. Y. 128; Gardner v. Turner, 9 Johns. 260; McCloskey v. People, 5 Park. 308; People v. McQuade, 110 N. Y. 284; Schintz v. Morris, 35 S. W. Rep. 516; State v. Bergman, 34 N. W. Rep. 737; McDermott v. Halleck, 69 Pac. Rep. 355; Columbus, H. V. & T. Ry. Co. v. Thurston, 9 N. E. Rep. 232; Nat. Bank of Syracuse v. McKinstry, 2 Hun, 445; Hall v. Sanders, 27 Kan. 538.) Even if the challenge had been excepted to, as required by the Code, the facts therein alleged were actually sufficient as a matter of law. (Mayor v. Walker, 4 E. D. Smith, 258; People ex rel. Alcott v. House of Refuge, 22 App. Div. 254; People ex rel. Kingsland v. Palmer, 52 N. Y. 83; People v. Deming, 13 How. Pr. 441; Hankins v. Mayor, etc., of N. Y., 64 N. Y. 18; Van Rensselaer v. Snyder, 13 N. Y. 299; People ex rel. Woods v. Crissey, 91 N. Y. 616; Marks v. State, 97 N. Y. 572; Kilborn v. Supervisors, etc., 137 N. Y. 170; Wood v. Supervisors, etc., 136 N. Y. 403; People v. Koenig, 9 App. Div. 436.)

WILLARD BARTLETT, Ch. J.:

The order of reversal in this case is based on an error of law

only, the Appellate Division " having reviewed the facts herein and being satisfied with the judgment in that respect." The People have the right to appeal from such an order and they are not required to give a stipulation for judgment absolute. (Code Crim. Proc. § 519; People v. Miller, 169 N. Y. 339; People v. Gaffey, 182 N. Y. 257.)

At the outset of the trial the defendant interposed a challenge to the panel of special jurors. Although no formal exception to the challenge (which would be equivalent to a demurrer) was entered by the district attorney, as prescribed in section 364 of the Code of Criminal Procedure, it is evident that the court proceeded with the assent of the parties precisely as though the district attorney had duly excepted, and the challenge was disallowed. This ruling constitutes the error for which the judgment has been reversed.

The challenge was based on two grounds: (1) That the panel of special jurors drawn pursuant to an order of the Supreme Court made on the 16th day of January, 1913, was not drawn in accordance with section 5 of chapter 602 of the Laws of 1901, as amended by chapter 458 of the Laws of 1904, in that the day specified in said order and on which the said jurors were required to attend court was less than five days after the day specified in said order for the drawings of said special jury; and (2) that said jurors were not drawn as provided in the aforesaid order of January 16, 1913, in that they were drawn at 9 o'clock a. m. on January 18, 1913, instead of being drawn at 10 o'clock a. m. as commanded by said order.

The Appellate Division deemed the first ground untenable, but thought that the challenge should have been allowed on the second ground.

In the dissenting opinion below a doubt is suggested as to whether there is any statutory basis for such a challenge to the panel as was here interposed. The Code of Criminal Procedure

(§ 362) provided: " A challenge to the panel can be founded only on a material departure, to the prejudice of the defendant, from the forms prescribed by the Code of Civil Procedure and the Judiciary Law in respect to the drawing and return of the jury, or on the intentional omission of the sheriff to summon one of more of the jurors drawn." The variances alleged and admitted to have occurred in the present case were departures from statutes other than the Code of Civil Procedure, and the Judiciary Law. Similar challenges to the panel, founded upon other statutes than those specified in section 362, have been treated as properly interposed, however, in cases which have come to this court (People v. Hall, 169 N. Y. 184; People v. Ebelt, 180 N. Y. 470; 19 N. Y. Crim. 103) and I think it may be regarded as settled that a material departure to the prejudice of the defendant from the forms prescribed by the statute under which the jury was drawn is a sufficient foundation for a challenge to the panel.

In order clearly to understand the disposition of the case by the Appellate Division it is necessary to trace the progress of legislation affecting special jurors in Kings county from the enactment of chapter 602 of the Laws of 1901. That statute was a general law entitled " An Act to provide for the appointment of a commissioner of jurors and to provide for a special jury in civil and criminal actions in each county of the State having a population of one million or more, according to the last preceding Federal census." The first section provided for the appointment of a commissioner of jurors in each such county by the justices of the Appellate Division of the Supreme Court in the department in which the county was situated. The second section provided that the commissioner of jurors in each such county should select from the persons qualified to serve as trial jurors such number of persons qualified to serve as

special jurors as the justices of the Appellate Division should from time to time direct. Further on in the statute provision was made for ascertaining the qualifications of special jurors; and section 5 prescribed the conditions under which application might be made to the court for a special jury to try a civil or criminal case, and the form of order if the application was granted. " The order must specify the time when the drawing of such special jury shall take place and the number of special jurors to be then drawn, the term of the court and the particular day in the term when such special jury must attend."

The attempt to confer the power of appointing the commissioner of jurors for Kings county (who had been a county officer since 1858) upon the justices of the Appellate Division was speedily assailed as unconstitutional, and with success. In Matter of Brenner (170 N. Y. 185) this court held that chapter 602 of the Laws of 1901, in so far as it transferred the appointment of the commissioner of jurors to state authorities was in violation of section 2 of article X of the Constitution. This decision was rendered on March 14, 1902; and on April 11, 1902, chapter 564 of the laws of that year was enacted, entitled " An Act in relation to jurors, and to the appointment and duties of a commissioner of jurors in the county of Kings." After providing for the appointment of such commission by the county judges and surrogate of Kings county, and for the organization and administration of his office, this law repeated the provisions of the act of 1901 in reference to special jurors and special juries and repealed all general and special laws in conflict therewith. Notwithstanding this special enactment, the legislature in 1904 amended the general act of 1901 by adding to section 5, relating to the order for a special jury, a requirement that " the day so specified for the attendance of the special jury must   *   *   *   be at least five days in addition to

any Sunday, holiday or half holiday, after the day specified for the drawing of the special jury." (Laws of 1904, ch. 458.)

In 1909, on an appeal in a civil action from an order denying a motion for a special jury, the Appellate Division of the second department was called upon to determine what law regulated the selection and summoning of special jurors in Kings county. (Coler v. Brooklyn Daily Eagle, 133 App. Div. 300, 301.) The Constitution forbade the legislature from passing any private or local bill for selecting, drawing, summoning or impaneling grand or petit jurors. The act of 1902 was a local act which provided for selecting and drawing petit jurors, although not open to any constitutional objection so far as the provision for the appointment of a commissioner of jurors was concerned. The court expressly refrained from deciding whether it might not be sustained as virtually an amendment to an existing act, under the doctrine suggested in People v. Petrea (92 N. Y. 128), for the reason that there is a general act, containing similar provisions respecting the drawing of special juries, which is applicable to Kings county if the particular provision of the statute in question relating to that subject be deemed to be invalid. * * * The general act above referred to is chapter 602 of the aws of 1901, as amended by chapter 458 of the Laws of 1904."

This decision in Coler v. Brooklyn Daily Eagle (*supra*) must have escaped the attention of the Appellate Division on the present appeal, for we can hardly suppose that it was the intention of the judges to overrule it without mentioning it, yet they have adopted a directly contrary view, both in the prevailing and dissenting opinions, holding that the law concerning special jurors in Kings county is to be found in chapter 564 of the Laws of 1902 and not in chapter 602 of the Laws of 1901 as amended by chapter 458 of the Laws of 1904.

I agree with the conclusion reached in the earlier case.

There is no pretense that the act of 1902 was reported to the legislature by commissioners to revise the statutes and so without the constitutional prohibition against the passage of local bills relative to the selection of jurors.

If this view is correct, the order for a special jury in the present case should have provided for an interval of at least five days between the day when the special jurors were to be drawn and the day upon which they were required to attend. (Laws of 1904, ch. 458.) I think the courts below were right, however, in holding that the challenge to the panel on this ground was properly disallowed. The requirement was not for the benefit of the defendant, and the omission to observe it could not have prejudiced him in any way. It was solely for the convenience of the special jurors.

As to the other ground of the challenge, namely, the drawing of the special jury *before* the hour designated therefor in the order, the case is very different. The command of the statute is that the order *must* specify the time when the drawing of such special jury shall take place. This is clearly designed for the benefit of the defendant. Without notice of the actual time of the drawing he is deprived of any means of knowing whether it is properly conducted or not, or indeed whether there has in fact been any drawing at all. "It is plain," said ANDREWS, J., in People v. McQuade (110 N. Y. 284, 294; 6 N. Y. Crim. 1), "that every statutory provision intended for the benefit of the accused confers a substantial right which cannot be disregarded without his consent." While the learned judges who dissented in the Appellate Division are right in insisting that the departure from the forms prescribed by law must be shown by the challenge to have been prejudicial to the defendant, I think that such prejudice is sufficiently alleged by the simple averment that the special jury was drawn an hour too early. Such a variance, serious as it is, doubtless might be disregarded if it had passed

unnoticed until after conviction, without objection or remonstrance; but when it is attacked directly and reasonably by a proper challenge to the panel it is neither technical nor unsubstantial. To treat it as such would be virtually to repeal the statutory provision which entitles the defendant to know, by means of the order for the drawing, the actual time when the special jury is drawn. His deprivation of this right cannot be sanctioned on the assumption that he may have consented to the earlier hour or may not have intended to be present at the drawing in person or by counsel. If such had been the fact, it should have been made to appear by the district attorney in a denial of the challenge. As the case stood the facts alleged as the second ground of the challenge imported material prejudice to the rights of the defendant and the challenge should have been allowed.

For these reasons I think that the order of the Appellate Division reversing the judgment and directing a new trial should be affirmed.

WERNER, CHASE, COLLIN and HOGAN, JJ., concur; CUDDEBACK, J., not voting; CARDOZO, J., dissents.

Order affirmed.

---

### NOTE ON CHALLENGE TO THE ARRAY, OR TO THE PANEL.

Code Provisions.

The Code of Criminal Procedure contains the following provisions relating to a challenge of the array, or a challenge to the panel.

" Section 238. Causes of discharge of the panel.

There is no challenge allowed to the panel or to the array of the grand jury, but the court may, in its discretion, at any time discharge

the panel and order another to be summoned, for one or more of the following causes."

1. That the requisite number of ballots were not drawn from the grand jury box of the county.

2. That notice of the drawing of the grand jury was not given;

3. That the drawing was not had, in the presence of the officers designated by law; and

4. That the drawing was not had, at least fourteen days before the court."

" Section 361. Challenge to the panel, defined.

A challenge to the panel is an objection made to all the trial jurors returned, and may be taken as well to the panel returned for the term, as to an additional panel order to complete the jury."

" Section 362. Upon what founded.

A challenge to the panel can be founded only on a material departure, to the prejudice of the defendant, from the forms prescribed by the Code of Civil Procedure and the Judiciary Law in respect to the drawing and return of the jury, or on the intentional omission of the sheriff to summon one or more of the jurors drawn."

" Section 363. When and how taken.

A challenge to the panel must be taken before a juror is sworn, and must be in writing, specifying distinctly the facts constituting the ground of challenge."

" Section 364. If sufficiency of the facts be denied, adverse party may except; exception, how made and tried.

If the sufficiency of the facts alleged as a ground of challenge be denied, the adverse party may except to the challenge. The exception need not be in writing, but must be entered upon the minutes of the court; and thereupon the court must proceed to try the sufficiency of the challenge, assuming the facts alleged therein to be true."

" Section 365. If exception over-ruled, court may allow denial of challenge; if allowed, may permit challenge to be amended.

If on exception, the court deem the challenge sufficient, it may, if justice require it, permit the party excepting, to withdraw his exception, and to deny the facts alleged in the challenge. If the exception be allowed, the court may, in like manner, permit an amendment of the challenge."

" Section 367.   Who may be examined on trial of challenge.

Upon the trial of the challenge, the officers, whether judicial or ministerial, whose irregularity is complained of,· as well as other persons, may be examined to prove or disprove the facts alleged as the ground of the challenge.

Section 368.   If challenge allowed, jury to be discharged; if disallowed, jury to be impanelled.

If, either upon an exception to the challenge or a denial of the facts, the challenge be allowed, the court must discharge the jury, so far as · the trial of the indictment in question is concerned.   If the challenge be disallowed, the court must direct the jury to be impanelled.

As to proceedings in courts of special sessions and police courts,——
Section 707.   Challenges.

The same challenges may be taken by either party, to the panel of jurors   *   *   *   as on the trial of an indictment for a misdemeanor, so far as applicable; and the challenge must, in all cases, be tried by the court.

Section 386.   Order of Challenges.

Challenges of either party must be taken;

1. To the panel, etc.

The code of Civil Procedure contains the following˙ provisions, respecting challenges to the array or to the panel, applicable alike to civil and criminal proceedings,-——

Section 1175.   Jury competent, although containing only part or none of original panel.

It is not a valid objection to the jury, procured as prescribed in the last four sections, that it contains none of the jurors originally returned to the term, or is only partially composed of such jurors.

Section 1178.   No challenge allowed because officer notifying is a party, etc.

It is not a good cause of challenge to the panel or array of trial jurors, in an action in a court of record, that the officer who drew them is a party to, or interested in the action, or counsel, or attorney for, or related to a party.

Section 1178.   No challenge allowed because officer notifying is a party, etc.

It is not a good cause of challenge to the panel or array of trial jurors, in an action in a court of record, that they were notified to attend by an officer, who is a party to, or interested in the action, or related to a party; unless it is alleged in the challenge, and is established, that one or more of the jurors drawn were not notified, and that the omission was intentional.

### Challenge to the Panel or to the Array of the Grand Jury.

Where no objection was made to the panel of grand jurors for the causes prescribed by section 238, the defendant's constitutional rights are not invaded by the denial of a motion to set aside an indictment where the motion was made subsequent to the discharge of the grand jury, and related to the indictment and work of the grand jury and not to the grand jury itself. People v. Farmer, 194 N. Y. 252; 23 N. Y. 216.

An objection that the act under which the grand jury was drawn is unconstitutional, is not a good ground of challenge to the array. People v. Petrea, 92 N. Y. 128, 1 N. Y. Crim. 233.

A person held to answer a charge for crime may challenge an individual grand juror, but no challenge is allowed to the panel or to the array of the grand jury. The fact that he is confined in jail awaiting the action of the grand jury does not prevent him from exercising that right through counsel, and that he is unable to procure counsel is not a legal excuse for failure to exercise it.

A motion, therefore, to dismiss the indictment, made by counsel assigned to him on arraignment, upon the ground that by reason of such restraint he had no opportunity to challenge individual grand jurors and that the grand jury was improperly drawn, is properly denied. People v. Borgstrom, 178 N. Y. 257; 18 N. Y. Crim. 259.

A challenge to the array will not be allowed on the ground that a certain class were excluded in the selection of grand jurors; if those returned be unexceptionable. People v. Jewett, 3 Wend. 314.

A challenge to the array of grand jurors is forbidden by the revised statutes, (2 Rev. St. 724; sect. 27, 28). Carpenter v. People, 64 N. Y. 483.

If the jurors were selected by an officer *de facto*, a challenge to the array cannot be sustained. Carpenter v. People, 64 N. Y. 483.

### Challenge to the Panel of the Trial Jury.

The objection that jurors had been discharged from the panel and

excused from further service during the term, is not one that may be taken by a challenge to the panel. People v. Packenham, 115 N. Y. 200.

A trial for murder having been set down for a particular day, the court ordered an adjourned term to be held on that day, and directed an addition panel of trial jurors to be summoned to attend. These were drawn and summoned in the usual manner, and the court, because of their service during the four weeks' session preceding, discharged the original panel from further attendance. *Held*, that this furnished no ground for a challenge to the array and the panel of jurors; that was within the power of the court to excuse one or all of the jurors originally summoned, and to summon any number of others it deemed necessary. People v. Jackson, 111 N. Y. 362; 6 N. Y. Crim. 393.

A prisoner can waive a challenge to the array after it is allowed. Pierson v. People, 79 N. Y. 424.

A challenge which has been over-ruled is not waived by asking the parties if they have any objection to the jurors that have been drawn, and a reply in the negative. Hathaway v. Helmer, 25 Barb. 29.

Same: Upon What Founded.
A challenge to the panel because of the excusing jurors from service on the unsworn statement of their excuses is properly overruled. People v. Schmidt, 168 N. Y. 568; 16 N. Y. Crim. 111.

It is not ground of principal challenge to the array, that the circuit clerk is attorney for one of the parties, and was so at the time of drawing, making, and arraying the panel. Wakeman v. Sprague, 7 Cow. 720.

It is no ground of challenge to the array, that the panel was certified by the deputy-clerk, instead of his principal. People v. Fuller, 2 Park. 16.

It is good ground of challenge to the array, that certain of the jurors had not been duly summoned, but that their names had been placed upon the list by the clerk of the court, at their own request. McCloskey v. People, 5 Park. 308.

While the summoning of a trial jury by mailing, to each person drawn to serve, a written notice to attend the designated term of court, inclosing a card to be signed and returned to the sheriff admitting

service of the notice, is not a compliance with the statute, it is not to the prejudice of the defendant, nor a ground of challenge to the panel, where all the persons drawn who are qualified to sit, personally appear in court at the time appointed. People v. Burgess, 153 N. Y. 561; 12 N. Y. Crim. 450.

An irregularity in the drawing of jurors which cannot affect the right of the prisoner is not ground for challenge to the array. Ferris v. People, 35 N. Y. 125.

Mode of selecting and relieving jurors, when liable to challenge to the array. Gardner v. People, 6 Park. 155.

It is no cause for challenge to the array that two sets of jurors were drawn at the same time from the jury box for two distinct courts, if they be kept entirely separate. Crane v. Dygert, 4 Wend. 675.

Nor that the panel was drawn more than fourteen days before the sitting of the court. Crane v. Dygert, 4 Wend. 675.

The withdrawal of a challenge to the array is a waiver of any irregularity in the drawing of the jury. Pierson v. People, 79 N. Y. 424.

A written challenge to a panel of trial jurors on the ground that the act under which they were drawn was in violation of the constitution, is sufficient, where it fails to allege the nonreport of the act to the legislature by the commissioners of the statutory revision, if it was duly excepted to by the prosecution. People v. Ebelt, 180 N. Y. 470; 19 N. Y. Crim. 103.

The counsel for defendant in a criminal case offered to prove that the trial jurors were not selected, drawn and served in the manner and form prescribed by Code of Civil Procedure, but were selected in the manner provided by chapter 491, Laws of 1892, and the amendments thereof, which were claimed to be unconstitutional by reason of certain facts; held, that where he offered no proof of the unconstitutionality of the law, but proceeded to examine each juror and withdraw all challenges to him after being sworn, he is deemed to have waived it. People v. Borgstrom, 178 N. Y. 224; 18 N. Y. Crim. 259.

The failure of the sheriff to conform to the provisions of section 1048, Code of Civil Procedure, in notifying the persons who had been drawn as jurors, held not to prejudice a defendant in a trial for murder, and

not to furnish grounds for a challenge to the panel. People v. Burgess, 153 N. Y. 561.

## Same: When and How Taken.

Challenge must be in writing. People v. Petrea, 30 Hun, 98; 1 N. Y. Crim. 205.

A challenge made in the alternative is bad. Cox v. People, 80 N. Y. 500.

A challenge to the array, if not made before the jurors are sworn, is waived. New York v. Mason, 4 E. D. Smith, 142.

An objection to a juror must be made when he is called upon the panel, or it is waived. Lindsley v. People, 6 Park. 233.

A challenge to the array need not be verified; it is not a dilatory plea. Cox v. People, 80 N. Y. 500.

## Same: Exceptions.

The district attorney need not verify his answer to the array. Gardner v. People, 6 Park. 155.

## Same: In Special Sessions and Police Courts.

See People v. McPherson, 74, 328; 11 N. Y. Crim. 1. People v. Olmstead, 74 Hun, 323.

## Order of Challenges:

See people v. Welch, 1 N. Y. Crim. 488; People v. McQuaide, 110 N. Y. 284; 6 N. Y. Crim. 32.

## In Other Jurisdictions:

For cases from other jurisdictions dealing with the questions here treated, see Note on this subject in Vol. 13, N. Y. Criminal Reports, at page 404.