*Per Curiam.* Take the effect of your motion, with costs of this application, to be paid by the defendant.

### *James Jackson, on the demise of Silas Smith* v. *John Hammond.*

IN this cause, on an affidavit, stating a verdict having been, in 1792, taken for the plaintiff, subject to the opinion of the court, on a case agreed on between the parties, on which judgment had been given in 1798, for the plaintiff; and also, that the *nisi prius* record and issue roll, were not to be found in the office of the clerk of this court, nor the *nisi prius* record among the papers of the former clerk of the circuit, in which the cause was tried, and if left with the plaintiff's attorney, had been burnt or lost, leave was given, to make up and file a new *nisi prius* record, with a *postea* to be indorsed thereon, conformable to the minutes of the trial, and also, to enter up judgment, and issue execution for the plaintiff, according to the opinion of the court in 1798.

No opposition.

### *Ambrose Spencer* v. *Ezra Sampson.*

THIS was an application on the part of the plaintiff for a struck jury, in an action on the case for a libel. The affidavit on which it was founded stated, that the words spoken of the plaintiff, concerning him in his official character as attorney general, were false, and that the cause was at issue.

*Feb. Term,*
*1804.*

*W. W. Van Ness* opposed the motion, and urged, that to entitle to a struck jury, the cause ought to be important *and* intricate : that though he might allow the importance of every cause relating to character, yet, its intricacy he must deny, and both these circumstances are necessary by our statute.

*Per Curiam.* The words of the statute are, " in " tricate *or* important." It is of great consequence to this court to protect its officers, and those of the public, in the discharge of their duty. Take your rule.

### Richard D. Arden and Epiphalet W. Close v. Randal Rice, Consider White, and Henry Townsend.

THIS cause had been noticed by the plaintiffs for argument, at the last term, on a general demurrer filed by the defendants to the declaration ; the court had, on the statement of the plaintiffs' counsel that the demurrer was merely for delay, overruled it, and granted a rule for judgment ; the counsel pledged himself to open the rule any day on an affidavit of good cause of demurrer, or of merits. On service of the rule for judgment, the defendants gave a *cognovit,* on which the plaintiff entered up his judgment in the last vacation.

*Foot* moved to set aside the judgment, contending that it could not be entered but in term.

Some little variance of opinion existing on the bench, respecting the practice on this point, it stood