MAY TERM, 1804.

*John R. Livingston* v. *the Columbian Insurance Company.*

BOGERT, in behalf of the defendants, moved for a struck jury in this cause, on an acknowledgment from the attorney of the plaintiff of service of notice of the motion, but this was not accompanied with any affidavit of the importance or intricacy of the cause.

---

lies, and if the summons was personally served and the defendant does not appear, the justice cannot compel him, but is to proceed and try the cause without his being either taken or brought into court. The joint debtor act, accordingly, gives a power and jurisdiction different from and unknown to the ten pound act. So in respect to executions the joint debtor act directs, that the execution shall be against all the debtors ; but shall not, however, issue against the body or sole property of the one not taken and brought into court. Whereas, by the ten pound act, execution is directed to go against the entire goods and chattels of the person against whom it is granted, and for want of sufficient goods of such person, to take his body. Here are new powers and new modes of proceeding, applicable to the courts of common law, and contrary to the express forms and directions given to the justices' courts, and in which no mention is made of them.

We are, therefore, of opinion, that, according to the settled rules of interpretation, justices of the peace have no jurisdiction in the case of joint debtors, unless both are duly served with process, and, therefore, that the judgment in this case must be reversed.

May Term,
1804.

* *Vide Spen-
cer* v. *Samp-
son, ante,* p.
311.

*Per Curiam.* The court ought to be satisfied that the cause is either intricate or important,* and *that* by affidavit.

N. B. The court seemed inclined against the granting of struck juries, as a matter of course, on a mere formal affidavit.