That the government of the United States is interested in a cause, does not make it of importance enough to grant a struck jury.

## Richard Hartshorn and others *against* David Gelston.

PENDLETON, moved for a struck jury in this suit, which was for erecting a beacon on the plaintiffs' lands at *Sandy-Hook*, after being warned not to do so, on an affidavit, stating, a former action and recovery for the same offence, the pendency of two suits for a continuance of the original trespass, and that the defendant was, as he verily believed, reimbursed by the government of the United States, for the damages paid in the first action, and would be indemnified by them, against any recovered in the present, or other suits. These circumstances and the probability that the general government was interested in the cause, were sufficient, he contended, to make it of such im portance as to require a struck jury.

*Per curiam*, stopping *Sanford*. There is nothing in this case, which is not fitted to the capacity of an ordinary jury. The parties litigant, do not make a case important.

## John Ball *against* John P. Ryers.

If the sheriff have a surplus in his hands arising from a sale on an execution, the court will order it to be paid over, on a *fi. fa.* issued at the suit of another plaintiff.

THE plaintiff in this suit had issued a *fi. fa.* upon a judgment he had recovered.

*Riker*, citing *Doug.* 231*, now moved for a rule directing the sheriff to pay over, on the execution thus sued out, the sum of 197 dols. 26 cents, being the suplus arising from a leased property, levied on and sold, in an action against the same defendant, at the suit of another plaintiff.

ORDERED ACCORDINGLY.

## Colman I. Keeler *against* John Adams.

The court will not order a justice to make a return contrary to what he has sworn to, though there appear a certificate from him impeaching the return, but will leave the party to

HOPKINS moved for a rule on a justice, ordering him to amend his return by inserting the substance of a notice given at the trial of the cause, and the testimony adduced under it.

The affidavits of the defendant and his attorney, set forth. that the action was tresspass on the case, for not returning and misus-

* *Armistead* v. *Philpot* But if a plaintiff have, in the hands of the sheriff, money arising from an execution, a levy cannot be made on *such* money by virtue of a *fi. fa.* against the plaintiff, for the mere raising the money by execution, does not, it is said, pass the property in it to the creditor. *Turner* v. *Fendall*. 1 *Cranch*. 117. In the principal case, *Livingston*. *J.* said, he had no doubt money might be levied on. See *Dalton's Sheriff Accord*. But vide *Fieldhouse* v. *Croft*, 4 *East*. 510, overruling *Armistead* v. *Philpot*.