John R. Livingston *against* Paschal N. Smith, President of the Columbian Insurance Company.— The same *against* the same.

New-Windsor Turnpike Company v. Ellison.

HARISON moved for a struck jury in these causes, on the affidavit of *Bogert*, counsel for the defendant, that the causes were, in his opinion, of importance ; that in one of them, the policy of insurance was for the sum of ten thousand dollars, and in the other, for eighteen thousand dollars, and that the plaintiff claimed for a total loss.

*Hoffman*, contra.

*Per Curiam.*

Rule granted.*

On the affidavit of counsel in a cause stating that in his opinion, it was a cause of importance, and that a large sum of money was depending, a struck jury was allowed.
* See 2 *Caines*, 28. 380.

## Steinbach and others *against* Hallett.

RIGGS for the defendant, moved for judgment as in case of a nonsuit against the plaintiff, for not proceeding to trial at the last sittings in the city of *New-York*, pursuant to notice given.

*Radcliff*, for the plaintiff, read an affidavit stating that the defendant was in prison, and notoriously a bankrupt.

*Per Curiam.* The plaintiff need not stipulate.

Rule refused.

Where it appears that the defendant was in prison, and notoriously a bankrupt, the court will not give judgment as in case of nonsuit for not proceeding to trial, according to notice, nor will they oblige the plaintiff to stipulate.

## New-Windsor Turnpike Company *against* Ellison.

FISK, for the plaintiffs, moved for a *struck jury* in this cause, the grounds of which were set forth in an affidavit. It was an action against the defendant, for removing the fence near the turnpike gate, and making a highway across his land, for the purpose of avoiding the turnpike, and by that means to defraud and injure the plaintiffs.

*L. Elmendorf*, contra, offered affidavits to prove that the removal of the fence, and making the highway, were for

In an action brought by a Turnpike Company, against a person for opening a highway near the turnpike gate, to avoid the payment of toll, the court allowed a special injury at the instance of the plaintiffs.

ALBANY,
Feb. 1806.

Olney
v.
Bacon.

the private accommodation of the defendant, and not with a view to avoid the payment of toll.

*Per Curiam.* Questions of this kind, affecting the publick, are important in their consequences.

Rule granted.

SPENCER, J. *dissented.*

## Olney *against* Bacon.

The mere *inspection* of a note presented to the justice, is not such a commencement of the trial of a cause, as to preclude the party from demanding a trial by jury.

ERROR on *certiorari* from a justice's court. The declaration was on a bill, to which the defendant below pleaded the general issue. The bill was shewn to the justice who *inspected* it, but no proof was called for, or offered. In this stage of the cause, the defendant demanded a trial by jury; but the justice refused to issue a *venire*, and proceeded to the trial, and gave judgment for the plaintiff.

*Woodworth*, attorney general, for plaintiff in error. The words of the act regulating the proceedings before justices, are, " that it shall be lawful for either party to the suit, or the attorney of either, after issue joined, and before the court shall *proceed to inquire into the merits of the cause*, to demand of the court that the cause should be tried by a jury; and thereupon, the justice is required to issue a *venire*,

* Rev. Laws. vol. 1. p. 496.

&c."* The mere inspecting the bill on which the action was brought, was not such an inquiry into the merits, as to preclude the party from the benefit of a trial by jury.

*Foot*, contra. The examination of the bill was a proceeding to inquire into the merits of the cause, within the meaning of the act, and the party was not afterwards entitled to a *venire*.

*Per Curiam.* The trial had not commenced by merely *taking up and inspecting* the bill, which was put in issue by the plea. The defendant was not too late in his demand of a jury, and a *venire* ought to have been awarded.

Judgment reversed.