## WALSH a. THE SUN MUTUAL INSURANCE COMPANY.

*New York Superior Court; Special Term, March,* 1864

### STRUCK JURY.

The court will not order a struck jury in an action on a policy of marine insurance, where the allegation that the grounds of defence are intricate and difficult, is only substantiated by showing that the defence turns on the unseaworthiness of the vessel at the time she sailed, and on the fact that the master was chargeable with a want of competency and seamanship in not making a near port of distress at the time when the water is alleged to have been gaining upon and disabling his vessel, and which he might and ought to have done in season to prevent her loss.

The cases in which struck juries have been allowed, reviewed.

Motion by the defendant upon affidavits and order, to show

cause why a special jury should not be struck for the trial of this cause. The facts upon which the application was based appear in the opinion.

*James T. Brady,* for the motion, relied on 2 Laws of 1857 (114, ch. 530); Foster *a.* Steele (3 *Bing., N. S.,* 892; 5 *Durnf. & E.,* 460; Anonymous, 1 *Salk.,* 405); Livingston *a.* Smith (1 *Johns.,* 141); Spencer *a.* Sampson (1 *Cai.,* 498).

*Wm. Curtis Noyes,* in opposition, cited Nesmith *a.* Atlantic Insurance Co. (8 *Abbotts' Pr.,* 423); Giles *a.* Flagg, (MS.)

MONCRIEF, J.—The affidavit states that the case is on the calendar of the present (March) term of this court, and will very likely be reached on the first day of the term. Some such allegation was necessary to obtain an order to show cause, avoiding the usual notice of motion of eight days.

A stay of proceedings should not have been granted under such circumstances, except at the trial-term, or by the justice assigned to hold that part of the trial-term upon whose calendar the cause was placed. (*Rule* 39 *of the Supreme Court;* and *Code,* § 402.)

The reason of the rule and great propriety of the practice is obvious; otherwise the justice presiding at the trial-term ceases to control and regulate his calendar, and confusion and embarrassment accrue to counsel, clients, and others. The stay could have been vacated upon the application of the defendants. (*Code,* § 324.)

This application is made upon an affidavit of the attorneys for the defendants, upon the pleadings and proceedings in this action, and the printed case on appeal in the case of this plaintiff and another insurance company.

The affidavit states, that in the judgment of said attorney a fair and impartial trial cannot be had without a struck jury, and that the importance and intricacy of the cause require such a jury. It discloses that the action is on a policy of insurance issued to the plaintiff upon the ship " Senator" and the freight, claiming the vessel to have been totally lost in August, 1862, to the damage of the plaintiff of $15,000, and interest from September 5, 1860;—that the answer denies the allegation in

the complaint that said vessel was seaworthy when she sailed on her voyage; and charges that her loss was occasioned, not by perils of the sea, or by any perils insured against, but by the fault and neglect of the owner.

The affidavit goes on to state " two grounds of defence to the action, both of which (as is alleged) are intricate and difficult, and not within the region of common knowledge, viz.: 1. That the ship when she sailed on said voyage was unseaworthy; and, 2. That the master was chargeable with a want of competency and seamanship, in not making a near port of distress at the time when the water is alleged to have been gaining upon and disabling his vessel, and which he might and ought to have done in season to prevent her loss." That another action has been tried in this court, in which the said issue of unseaworthiness was tried, and the intricate and difficult nature thereof fully developed.

The unseaworthiness of the vessel can readily and intelligently be proven by the builder of the vessel, or by other competent persons who examined her at or about the time of her proceeding to sea, or by those employed or on board while at sea. This seems quite plain and simple. The competency of the master, or his want of skill and exercise of proper prudence and caution, when the circumstances in which his vessel was placed, as to her condition or otherwise, have been detailed, are susceptible of easy ascertainment by the evidence of those possessing proper skill and experience in the same vocation.

There seems to me nothing intricate about such a defence: it may be difficult to establish either branch of it to the satisfaction of a jury, but with the aid of learned counsel, the ability of skilful witnesses, and a charge from a learned judge, technical terms, if employed by witnesses, can be made appreciable to the common understanding.

The jury (a common, not a special jury), in the other and similar case, experienced no difficulty in determining the case submitted to them; they agreed upon a verdict in less than the time ordinarily taken for consultation. If, as appears to be intimated in the affidavit, a verdict for the plaintiff cannot be sustained upon the evidence in that cause, the reply is, the case should not have been submitted to them, and the verdict will be set aside as against evidence.

Walsh *a.* The Sun Mutual Insurance Company.

The trial of almost every case requires the employment of words technical in the law or other learned professions, or in the peculiar vocation under discussion. The jury are bound to find their verdict upon the evidence given upon the trial of the cause, not upon any personal experience or peculiar intelligence.

An examination of all the authorities found by me, including those cited by the learned counsel for the defendants, has not enabled me to discover a precedent for granting the motion in this case; and I ignore the fact that issue was joined in this case in November, 1862; and the case is upon the day calendar; and during the last term, while I was there presiding, the counsel for both parties, I think, for several days, answered " ready."

In Hartshorne *a.* Gelston (3 *Cai.*, 84), it having been suggested that the United States was interested in the cause, it was held that the parties litigant do not make a case important.

In Spencer *a.* Sampson (1 *Cai.*, 498), there was a question whether the statute used the disjunctive or conjunctive, and the court held the former. The motion was granted, for the reason that it is of great consequence to this court to protect its officers and those of the public in the discharge of their duty. The action was for words spoken of and concerning the plaintiff in his official character as attorney-general.

So, too, held in Van Vechten *a.* Hopkins (2 *Johns.*, 373); Thomas *a.* Croswell (4 *Ib.*, 491); Livingston *a.* Smith (1 *Ib.*, 141.)

In Livingston *a.* Smith, the affidavit alleged that the causes were, in the opinions of counsel, important: the only fact disclosed appears to be, that the claim in one suit was for $10,000, and in the other for $18,000. No opinion is given. And see Livingston *a.* Columbian Ins. Co. (2 *Cai.*, 28); Manhattan Co. *a.* Lydig (*Ib.*, 380). In New Windsor Turnpike Co. *a.* Ellison (1 *Johns.*, 141), the motion was granted, for the reason that questions of this kind affecting the public are important in their consequences.

In Anonymous (1 *Johns.*, 314), the rule was refused. Although the fact appeared that another cause on the same policy had been tried and the jury disagreed, the affidavit stated that the action involved questions of intricacy and importance.

In Wright *a.* Columbian Ins. Co. (2 *Johns.*, 211), a rule was

refused. The affidavit stated the claim to be upon a policy of insurance, claiming a total loss to the amount of $275,000.

In Poucher *a.* Livingston (2 *Wend.*, 296), it was said to be an extraordinary case, and the order was refused.

In Patchin *a.* Sands (10 *Wend.*, 570), it is held that a struck jury is never granted except in extreme cases.

Nesmith *a.* Atlantic Ins. Co. (8 *Abbotts' Pr.*, 423), if I remember accurately, was a case in which the jury had disagreed upon at least two trials; the claim was large, and difficult questions of law and of fact were involved, and Judge Pierrepont refused the order.

The case of Giles *a.* Flagg was important: of great public interest.

It will be observed that many of the cases cited, in which the rule was refused, were on policies of maritime insurance, under claims for total loss, and it is not unjust to assume that every question of defence arose which can arise in the present action.

The motion is denied, with ten dollars costs, to be paid by the defendants to the plaintiff or his attorneys.