## SUPREME COURT.

THE PEOPLE of the State of New York on the relation of
JOHN A. STEMMLER, and JOHN A. STEMMLER, plaintiff,
agt. JOSEPH MCGUIRE.

A *special jury* will not be ordered to try the question of title, in the nature of *quo
warranto*, to the office of *justice of a district court* in the city of New York, there
being nothing in the circumstances to make it such an *extreme case* as would war-
rant a special jury.

*Supreme Court Circuit, March,* 1872.
*Before* Hon. JOHN R. BRADY, *Justice.*
MOTION for special jury.

This action, in the nature of *quo warranto,* was brought
to try the title to the office of justice of the district court of
the city and county of New York for the seventh judicial
district, under section 432 of the Code of Procedure.

Plaintiff now moved for special jury.

NELSON J. WATERBURY, *for plaintiff.*
A. J. VANDERPOEL *and* E. R. MEADE, *for defendant.*

BRADY, *J.*—This is an important case so far as the parties
are concerned, no doubt, and perhaps may present some in-
cidents worthy the consideration of the people.

The controversy is not such, however, as ordinarily excites
the attention, or provokes the prejudices of our population.

The office which the defendant holds, and the election to
determine by whom it should be held, are local, and the in-
terest felt in both must be regarded as confined to localities
and not to extend to the entire city.

If it were otherwise, however, it does not necessarily follow that this motion should be granted.

The litigation is between two individuals, although brought in the name of the people on the relation of Stemmler.

An examination of the cases bearing upon the propriety of ordering a struck or special jury, shows that the courts have generally refused to grant an application therefor.

In *Hartshorn* agt. *Gelston* (3 *Cai.*, 84), the suggestion that the United States was interested in the controversy, did not, in the judgment of the court, make the case important.

In *Poucher* agt. *Livingstone* (2 *Wend.*, 296), the motion was denied, although it was considered that the evidence of public interest in the matter in dispute was very strong, and the rule declared as illustrated by the authorities that where public officers have been libelled for acts done in their official capacity, the actions brought by them were deemed important, and struck juries allowed.

In *Patchin* agt. *Sands* (10 *Wend.*, 570), the motion was based upon the allegation that the suit grew out of a long agitated controversy between the public officers of the village of Brooklyn, and upon the plaintiff's belief that there would not be a fair and impartial trial by jurors in the county of Kings.

The motion was denied. SUTHERLAND, J., said: "It cannot be believed that after the jury-box is properly sifted, twelve impartial men cannot be found in the county of Kings to try this case."

Parties deceive themselves in the estimate of the extent of interest which the public at large take in their controversies.

In *Nesmith* agt. *The Atlantic Ins. Co.* (8 *Abb.*, 423), there had been a protracted trial, and a verdict for the plaintiff, but it was set aside. There had also been a second trial and the jury disagreed.

The motion was, nevertheless, denied. PIERREPONT, J., said that an impartial trial by a struck jury would be much less likely than in the ordinary way. That the court in the

latter mode, would allow every juror to be tried on oath, before he took his seat, and if unfit would exclude him.

In *Walsh* agt. *The Sun Mutual Ins. Co.*, (17 *Abb.*, 356), the cases are collected and reviewed.

The motion was made upon the alleged importance and intricacy of the case.

Its importance, involving a claim of $15,000, seems to have been conceded, but the intricacy of the issues was not adjudged. The motion was denied. It was held that there was no precedent for granting the motion in such a case.

In the opinion, the manuscript case of *Giles* agt. *Flagg*, is referred to, but the decision in that case is not stated. I have not been able to find it, I think it must have been adverse to the granting of the order for a struck jury, inasmuch as it was referred to and relied on by Mr. Noyes, who opposed the motion in *Welsh* agt. *The Sun Mutual Ins. Co.*

It was declared that *Giles* agt. *Flagg*, was important, and of great public interest, and, doubtless, because it involved the question who should be comptroller.

It is evident, as intimated, if not substantially declared, in *Patchin* agt. *Sands* (*supra*), that a struck jury will not be granted, except in extreme cases. This is not of that character in my judgment. I entertain no doubt, that an intelligent and unbiased jury may be impanelled in this case in the ordinary way, who, wholly uninfluenced by the nationality of either party, will act fairly upon the evidence given on the trial and decide accordingly.

It is by no means evidence of partiality or prejudice, that juries sometimes disagree.

This may well result from the conflicting character of the testimony given before them, and warranting different views. There are few elements of judicial life so embarrassing and productive of so much anxiety and delay as conflicting evidence.

Motion denied.