IVES *v.* RANGER *et al.*

(*Supreme Court, General Term, Second Department.* July 22, 1892.)

SPECIAL JURY—WHEN DENIED—EVIDENCE.

Plaintiff in ejectment claimed as heir at law, and defendant claimed under a will of plaintiff's ancestor, which plaintiff attacked as having been obtained by fraud and undue influence. There had been a similar action between other parties, in which the jury failed to agree. The case was of no public importance, had excited no public interest, there was no fear of any inability to obtain an impartial jury, and no claim of unfairness on the former trial was made. *Held,* that plaintiff's motion for a special jury was improperly granted.

Appeal from special term, Westchester county.

Action by Margaret S. Ives against Gustave Ranger and others. From an order for a special jury, defendants appeal. Reversed.

Argued before BARNARD, P. J., and DYKMAN and CULLEN, JJ.

*Charles F. MacLean,* for appellants. *Emmet & Robinson,* (*Calvin Frost,* of counsel,) for respondent.

DYKMAN, J. This is an appeal from an order made at the special term for a special jury for the trial of this action, and the justification of the order requires us to determine from the papers presented that a fair and impartial trial cannot be had without such a jury, and that the importance and intri-

cacy of the case require it. The action is ejectment for the recovery of two parcels of real property in the town of Greenburgh, and the plaintiff is a granddaughter of Francis W. Lasak, who died seised and possessed of the premises. The plaintiff claims to recover by descent as one of the heirs of Lasak, and proceeds upon the theory of his intestacy. The defendants, on the contrary, claim that Lasak left a last will and testament, which disposed of this property to the exclusion of the plaintiff. There has been a trial of another action of ejectment, brought by a daughter of Lasak, which proceeded upon the same lines with this, and the jury failed to agree upon a verdict. The case is no more important than any other action involving the testamentary disposition of property. In such actions the capacity of the testator, and his subjection to undue influences, are brought in question, to be determined by the jury, and that is the only method we have for the decision of those questions. It is to be noted here that only private interests are involved, and the case assumes no public importance. The case has excited no public interest, there is no fear manifested of any inability to obtain a fair and impartial jury, and no claim of any unfairness or partiality upon the former trial. It may be mentioned that we have now in Westchester county a commissioner of jurors under a new law of the last legislative session, and a new method of making and revising the jury list, which is an improvement upon the former system. The beaten way of judicial procedure is provided for the administration of justice, and experience demonstrates the propriety of continuance therein. Extraordinary and unusual proceedings involve the employment of new machinery and new methods, and thus raise and present new questions, and continue litigation. Moreover, the teaching of experience is in favor of the jury summoned in the ordinary manner. The most important questions, involving life, liberty, and property, are constantly submitted to the ordinary jury, with satisfactory results, and it requires an extraordinary case to justify the issuance of an order for a special jury. If it is to be assumed that a special jury is to be composed of extraordinary members, it is quite doubtful whether such men will be as likely to agree and produce results as satisfactory as the jury of conservative men, such as are ordinarily found upon juries. We find nothing in the circumstances of this case which requires a departure from the ordinary mode of procedure, and we think the order should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.