Action by Thomas Farmer against the National Life Association of Hartford. From an order denying a motion to set aside service of summons, defendant appeals. Affirmed.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

Roger Foster, for appellant.

Judge & Durack, (James P. Judge, of counsel,) for respondent.

DYKMAN, J. This is an appeal from an order denying a motion to set aside the service of the summons in this action. The summons was sent to the superintendent of the insurance department at Albany, and he gave an admission of due service of the same, in pursuance of a power of attorney which had been executed to him for that purpose, under the provisions of the statute requiring the same. Our conclusion is that the service was valid and sufficient, and the order should be affirmed, with $10 costs and disbursements. All concur.

---

## ADAMS v. MORGAN.

(Supreme Court, General Term, Second Department.   February 13, 1893.)

STRUCK JURY—WHEN PERMITTED.
    Where, in an action for libel, the affidavits used on a motion for a struck jury state only that the defenses are a general denial, justification, and facts in mitigation of damages, and that the action involves the official misconduct of public officers, one of whom affiants believe is the brother of the commissioner of juries, it is not a sufficient showing to bring the case within the provisions of Code, § 1063, which provides that the court may order a struck jury where it appears a fair or impartial trial cannot be had without, or that the importance or intricacy of the case requires, one.

Appeal from special term.

Action for libel by John P. Adams against Henry A. Morgan, as president of the New York Times. From an order directing a special jury to be struck for the trial of the action, plaintiff appeals. Reversed.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

Frederic A. Ward, for appellant.

Townsend, Dyett & Einstein, (Henry Yonge, of counsel,) for respondent.

DYKMAN, J. This is an appeal from an order directing a special jury to be struck for the trial of this action. The action is for libel, and the answer contains a general denial, facts in justification, and facts in mitigation of damages. The provision of the Code upon which the motion was made is this: "Where it appears to the court that a fair and impartial trial of an issue of fact, triable by a jury, joined in an action pending in the supreme court or in the superior city court, cannot be had without a struck jury, or that the importance or intricacy of the case requires such a jury, the court must make an order, upon notice, directing a special jury to be struck for the trial of the issue." Code, § 1063. This statute is plain and unambiguous, and requires a

struck jury when it appears to the court that a fair and impartial trial of an issue of fact, triable by a jury, in the supreme court or in a superior city court, cannot be had without it, or that the importance or intricacy of the case requires it. What appears to the court in this case upon the subject of a fair and impartial trial is contained in the pleadings and the papers used on this motion. The action is for a libel, and the moving affidavit says it involves the official misconduct of other public officers, among others a person who, it is alleged, is interested in the contract for cleaning the streets, and who, the affiant was informed and believes, was a brother of the commissioner of jurors. The answering affidavit states that this is a mistake, but it is not very important. We can find nothing in the papers to justify an inference or belief that a fair and impartial trial of this action cannot be had before a jury formed in the ordinary way. There is no claim of any public excitement in the county respecting the action, and the safeguards thrown round the formation of juries in Kings county render it impossible for the introduction of any improper practice in that respect. Neither does the importance or intricacy of the case require a struck jury. It is not an intricate case, and it is important only to the immediate parties. It is not as intricate either in the law or facts involved as a border negligence case, and such cases are tried before the ordinary juries at many circuits, with satisfactory results. Libel suits are not infrequent, and the law which controls them is well settled and understood, and the questions of fact submitted to the jury in such cases are not unusually intricate. The order should be reversed, with $10 costs and disbursements; and the motion should be denied, with $10 costs. All concur.