JEROME v. STAR CO. SAME v. NEW YORK EVENING JOURNAL PUB. CO. (Supreme Court, Special Term, New York County. December, 1907.) Actions by William Travers Jerome against the Star Company and against the New York Evening Journal Publishing Company for libel. Motions for struck jury denied. For judgment reversing order of Special Term, see 108 N. Y. S. 801. Gans & Iselin, for plaintiff. Clarence J. Shearn, for defendants.

FITZGERALD, J. Plaintiff is a public official of this county, and defendant is the proprietor and owner of a daily newspaper having a large circulation throughout the city and state of New York and elsewhere throughout the United States. The action is for libel. Answer admits the publication and sets forth as defenses: First, the truth of the statement complained of; second, that the article is "fair comment upon matters of public interest, was published without malice, and is privileged." Other separate and partial defenses are interposed in mitigation and reduction of damages. Plaintiff moves for an order directing that a special jury be struck to try these issues. The law applicable is found in Code Civ. Proc. § 1063: "Where it appears to the court that a fair and impartial trial of an issue of fact, triable by a jury, joined in an action pending in the Supreme Court, cannot be had without a struck jury, or that the importance or intricacy of the case requires such a jury, the court must make an order, upon notice, directing a special jury to be struck, for the trial of the issue. The order must specify the term, and it may specify a particular day in the term, when the jurors must attend." Section 1065: "At the time appointed, the clerk, or, in his absence, the deputy clerk, or the commissioner, as the case requires, must attend at his office, with the original lists or books, filed or kept in his office as required by law, containing the names of the persons who are then liable to serve as trial jurors; and, in the presence of the parties, or their attorneys or counsel, must strike a trial jury as follows: (1) The clerk, deputy clerk, or commissioner, must select from the lists or books, the names of forty-eight persons, whom he deems most indifferent between the parties, and best qualified to try the issue; and must make and certify a list of those names. (2) The party, on whose application the special jury was directed to be struck, or his attorney or counsel, may then first strike from the list one name; the adverse party, or his attorney or counsel, may then strike therefrom one name; and so alternately, until each party has stricken out twelve names. * * * (4) The clerk, deputy clerk, or commissioner, must thereupon make out a list of the names of the twenty-four persons not stricken out, and must certify that it is a correct list of the persons drawn to serve as jurors, pursuant to the order of the court." Section 1066: "The sheriff must notify the persons whose names are contained in the list, and must return the names of those notified, to the term, at which they are required to attend, as prescribed by law for notifying and returning ordinary trial jurors." Section 1067: "From the persons so notified and attending, a jury must be formed for the trial, and the issue must be tried as prescribed in this chapter with respect to an ordinary jury trial * * *." These sections of the Code are mainly re-enactments of former statutes (2 Rev. St. [1st Ed.] p. 418, pt. 3, c. 7, tit. 5, § 46, as amended by Laws 1857, c. 530), all of which are based upon common-law rules, as the practice of ordering struck juries was established in very early times. 24 Cyc. 96. Motions of this character, however, in modern days, are infrequently made, to which circumstances, no doubt, is attributable the fact that plaintiff so strongly relies upon the dicta of ancient cases. Most of those cited refer to controversies decided by our courts not later

than the first decade of the last century. New Windsor Turnpike Co. v. Ellison, 1 Johns. 141; Livingston v. Cheetham, 1 Johns. 61; Foote v. Croswell, 1 Caines, 498; Thomas v. Rumsey, 4 Johns. 482. The grounds of this application, as set forth in the only affidavit submitted therefor, that of plaintiff's attorney, are: First, "that at the time of the publication of the libel charged the plaintiff was, and ever since has been, and is now, district attorney of the county of New York"; second, "that the libel complained of was published by the defendant in its newspaper, known as the 'New York Evening Journal,' which newspaper, as your deponent is informed and verily believes, has a very wide circulation, and is read daily by many thousands of people throughout the city and county of New York"; third, "that prior to the publication of the said libel, and with great frequency subsequent thereto, there have been published in said newspaper other criticisms and attacks upon the said plaintiff and upon his conduct of said office, of a character to prejudice the reader thereof against him"; fourth, "that for these reasons a due, efficient, and impartial administration of justice will, in the opinion of this deponent, be advanced by the trial of the issues therein by a struck jury." It is not claimed that the case is either intricate or important; nor indeed, could it well have been so claimed. In Adams v. Morgan, 138 N. Y. 636, 33 N. E. 1084; Id., 67 Hun, 649, 21 N. Y Supp. 1057, Dykman, J., says: "Neither does the importance or intricacy of the case require a struck jury. It is not an intricate case, and it is important only to the immediate parties. It is not as intricate either in the law or facts involved as a border negligence case, and such cases are tried before the ordinary juries at many circuits with satisfactory results. Libel suits are not infrequent, and the law which controls them is well settled and understood, and the questions of fact submitted to the jury in such cases are not unusually intricate." It is settled that, except in extreme cases, struck juries will not be ordered. In Ives v. Ranger, 65 Hun, 622, 20 N. Y. Supp. 32, this doctrine is well declared as follows: "Moreover, the teaching of experience is in favor of the jury summoned in the ordinary manner. The most important questions involving life, liberty, and property are constantly submitted to the ordinary jury with satisfactory results, and it requires an extraordinary case to justify the issuance of an order for a special jury." Brady, J., in People ex rel. Stemmler v McGuire, 43 How. Prac. 67, uses the following language: "An examination of the cases bearing upon the propriety of ordering a struck or special jury shows that the courts have generally refused to grant an application therefor." From a statement furnished me by the courtesy of the commissioner of jurors I find that struck juries have rarely been ordered in this county—only in three instances during the past 25 years. In one of those cases the records show that but six members of the trial jury were finally impaneled from the selected names. In another nine were secured from the selected panel, and in both instances the remaining members of each jury had to be taken from the ordinary panel. In the third case a jury from struck panels appears to have been obtained, but the trial had to be postponed for

108 N.Y.S.—72

very many days in order to provide for an extra panel of struck jurors before this was accomplished. The history of these three cases significantly illustrates the impracticability of attempting to enforce under present conditions, unsupported by other considerations than that of remote precedent, the procedure followed in the distant past. It may be that in small or sparsely settled communities the county clerk, deputy clerk, or commissioner may be able intelligently to select from the lists or books containing the names of persons liable to serve as trial jurors the names of 48 persons most indifferent between the parties and best qualified to try the issue; but to perform conscientiously this duty under the widely different conditions prevailing in this great city, in an action for libel instituted by a well-known public man against the owner of a newspaper having a wide circulation among our citizens, assuming it possible, would be a prolonged, embarrassing, and burdensome undertaking. Moreover, it is a matter of common knowledge that juries are easily obtained in this city to fairly try actions for libel brought by public officers against newspapers. Plain, ordinary, good sense in matters where the law is clear and precise may be relied upon to ascertain the existence of facts from evidence, and there is not in the record before me even a suggestion that a fair and impartial trial cannot be had before a jury impaneled in the ordinary way. Motions denied, with costs.