JEROME v. NEW YORK EVENING JOURNAL PUB. CO.

(Supreme Court, Appellate Division, First Department. February 7, 1908.)

1. JURY—STRUCK JURY—FAIR TRIAL.

In an action by a district attorney for libel in charging that he had knowingly neglected his duty in refusing to prosecute certain corporations and wealthy individuals for violating the penal laws of the state because they had made large contributions to his campaign fund, it appeared that the question might be presented as to whether certain facts known to the district attorney would have warranted or required an indictment by a grand jury, and whether plaintiff, in refraining from presenting such facts to the grand jury, exercised due skill and diligence, and was actuated by proper motives, together with the extent of plain-·tiff's knowledge as to the crimes charged to have been committed, etc., and whether he acted honestly. *Held*, that such facts, while insuffi-

cient to warrant a conclusion that a fair and impartial trial could not be had before a jury selected from the trial panel in the ordinary manner, did indicate that the importance and intricacy of the case required that the jury should be specially selected under Code Civ. Proc. § 1063, authorizing a struck jury where a fair and impartial trial cannot be had without it, or where a special jury is required by the importance or intricacy of the case.

2. SAME—SPECIAL AS DISTINGUISHED FROM STRUCK JURY.

Under Laws 1901, p. 1465, c. 602, § 5, as amended by Laws 1904, p. 1147, c. 458, authorizing the Supreme Court in New York county to direct the issues in a civil action to be tried by a special jury where a struck jury might be ordered, where plaintiff in an action for libel was entitled to a struck jury because of the importance and intricacy of the case, as authorized by Code Civ. Proc. § 1063, it was not necessary that the practice prescribed for the drawing of a struck jury should be followed, but a special jury might be drawn in accordance with such act.

3. SAME—MOTION—RELIEF DEMANDED.

Where plaintiff moved for a struck jury and for such other and further relief as to the court seemed proper, the court had power in its discretion to grant a motion for a special jury authorized by Laws 1901, p. 1465, c. 602, § 5, as amended by Laws 1904, p. 1147, c. 458.

Appeal from Special Term.

Action by William T. Jerome against the New York Evening Journal Publishing Company. From an order of the Special Term (108 N. Y. Supp. 1136) denying plaintiff's motion for an order for a struck jury, plaintiff appeals. Reversed and remanded, with directions.

Argued before PATTERSON, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Howard S. Gans, for appellant.
Clarence J. Shearn, for respondent.

LAUGHLIN, J. The plaintiff is the district attorney of the county of New York, and the action is brought to recover for alleged libels concerning his official conduct, published by the defendant in the Evening Journal. The articles published by the defendant charged the plaintiff, among other things, with having knowingly neglected his duty with respect to the prosecution of corporations and wealthy individuals who were guilty of violations of penal statutes of the state, and that he was influenced to refrain from prosecuting them by the fact that they had made large contributions to a campaign fund used in furtherance of his election as district attorney. The defendant pleads justification with respect to some of the articles, and matter in mitigation of others. On the pleadings it would seem that upon the trial the question may be presented as to whether certain facts known to the district attorney would have warranted or required an indictment by a grand jury, and whether the plaintiff, in refraining from presenting the facts to the grand jury or in refraining from advising that they warranted indictments, exercised due skill, care, and diligence, and was actuated by proper motives. An ordinary action for libel is, of course, properly triable by a jury drawn in the usual manner. The questions presented for the consideration of a jury in such actions do not ordinarily require either special or superior knowledge on the part of jurors for their proper determination. This case, however, possesses unusual

features. It concerns the entire public, citizens, and sojourners within the county and throughout the state, for the alleged libel is against a public official holding an office of first importance in the administration of justice, and the due administration of which requires that he shall be capable, diligent, fearless, and impartial in the discharge of its duties, and that he shall have and possess at all times the confidence of the people. Some of the questions to be presented to the jury are quite unusual in libel cases. Ordinarily some specific act is charged, and the question to be determined by the jury is whether the charge is true, and, if not true, the further question is usually presented as to whether the publication was made so recklessly, willfully, or wantonly as to justify or require the award of exemplary damages in addition to the actual damages. But here it will be observed that the questions will arise as to what knowledge the plaintiff possessed with reference to the crimes charged by the defendant to have been committed by different corporations and wealthy individuals, and as to whether he acted honestly and with due skill and diligence on such facts, which may involve a consideration of the course that he should have pursued with respect to investigating the facts and presenting the same to the grand jury.

Section 1063 of the Code of Civil Procedure provides as follows:

"Where it appears to the court that a fair and impartial trial of an issue of fact, triable by a jury, joined in an action, pending in the Supreme Court, cannot be had without a struck jury, or that the importance or intricacy of the case requires such a jury, the court must make an order, upon notice, directing a special jury to be struck, for the trial of the issue. The order must specify the term, and it may specify a particular day in the term, when the jurors must attend."

On the facts presented the court would not be warranted in holding that a fair and impartial trial cannot be had before a jury selected from the trial panel in the ordinary manner; but it is manifest that the importance and intricacy of the case requires that the issues should be tried before a specially selected jury to insure their determination, not only by fair and impartial jurors, but by a jury of sufficient general and practical knowledge and intelligence to properly understand the questions presented. In this city grand jurors are not drawn from the ordinary panel. Special provision is made for the selection from the panel of trial jurors of a list of jurors deemed specially qualified for service as grand jurors, and grand juries are drawn from the names thus selected. New York City Consolidation Act, Laws 1882, pp. 403, 404, c. 410, §§ 1638, 1641. Some of the issues to be presented to the jury may be quite analogous to the questions presented for the consideration of a grand jury, and it is therefore quite as important that the jury to try these issues should be specially selected. In the early days it was the rule to order a struck jury in actions for libeling a public official in respect to his official conduct. Livingston v. Cheetham, 1 Johns. 61; Spencer v. Sampson, 1 Caines, 498; Foot v. Croswell, 1 Caines, 498, and note; also note 1 Johns. 61, note "b"; Thomas v. Rumsey, 4 Johns. 482; Poucher v. Livingston, 2 Wend. 296. Of late years the question has seldom arisen. The only case to which our attention has been called in which the rule herein stated has not been followed is Adam v. Morgan, 67 Hun, 649, 21 N. Y. Supp. 1058, where the Gen-

eral Term of the Second Department reversed an order for a struck jury made by Mr. Justice Bartlett in an action brought by the commissioner of city works in Brooklyn for libel in his official capacity, upon the ground that it was not as intricate either on the law or the facts as a border negligence case, and that it was important only to the immediate parties. The earlier cases are neither alluded to nor distinguished in the opinion of the General Term in that case. The facts of this case clearly distinquish it from that; but, if they did not, we regard the earlier decisions as sustained by both reason and authority.

We are of opinion, however, that there is no occasion for following the practice prescribed in this section of the Code and ordering a struck jury in the county of New York, in view of the fact that section 5, c. 602, p. 1465, Laws 1901, as amended by chapter 458, p. 1147, Laws 1904, in effect authorizes the court to direct the issues in a civil action to be tried by a special jury where a struck jury might be ordered. It was found to be impracticable in important cases to fill the jury box from the list of struck jurors. The jurors on the special jury list are selected with particular care. The court is now authorized by this section to order a special jury where "it appears to the court that by reason of the importance or intricacy of the case, a special jury is required, * * * or the issue to be tried has been so widely commented upon that the court is satisfied that an ordinary jury cannot without delay and difficulty be obtained to try such issue, or that for any other reason the due, efficient and impartial administration of justice in the particular case would be advanced by the trial of such an issue by a special jury." It will be seen that this authority is conferred in part in the same language as that contained in section 1063 of the Code of Civil Procedure with respect to a struck jury, and that, in so far as it is not followed, a broader authority is conferred. The motion in this case, while not in form for a special jury, was for a struck jury, and for such other and further relief as to the court might seem proper. It rested in the discretion of the court to grant the motion for a struck jury, or to direct a special jury. Since the plaintiff presented a case rendering it proper that the issues should be tried before a specially selected jury, we are of opinion that the court should have granted the motion but not for the relief specifically requested, and should have directed the trial of the issues before a special jury.

It follows, therefore, that the order should be reversed, but, inasmuch as the specific relief which we think should have been granted was not expressly requested, and the provisions of the statute authorizing a special jury were not drawn to the attention of the Special Term or to our attention by either party, without costs, and the motion granted, without costs, for an order directing that the trial of the issues be had by a special jury, the time of drawing the jury, the number of jurors to be drawn, the term of court and particular day in the term when the special jurors are to attend, to be fixed on the settlement of the order to be entered on this decision and to incorporate in such order. All concur.