## COLER v. BROOKLYN DAILY EAGLE.

(Supreme Court, Appellate Division, Second Department.   June 4, 1909.)

1. STATUTES (§ 85*)—GENERAL AND SPECIAL—APPOINTMENT OF JURY COMMISSIONER.

   Laws 1902, p. 1348, c. 564, in so far as it provides for the appointment of a commissioner of jurors in the county of Kings, does not offend Const. art. 3, § 18, forbidding a private or local bill relative to the selecting, drawing, summoning, or impaneling of grand or petit jurors.

   [Ed. Note.—For other cases, see Statutes, Dec. Dig. § 85.*]

2. STATUTES (§ 85*)—GENERAL AND SPECIAL—DRAWING OF SPECIAL JURIES.

   Laws 1902, p. 1462, c. 602, as amended by Laws 1904, p. 1147, c. 458, providing for the drawing of special juries, being applicable to counties having a population of 1,000,000 or more, does not offend Const. art. 3, § 18, forbidding a private or local bill relative to the selecting, drawing, summoning, or impaneling of grand or petit jurors.

   [Ed. Note.—For other cases, see Statutes, Dec. Dig. § 85.*]

3. JURY (§ 6*)—SPECIAL JURY—"IMPORTANT CASE."

   An action for libel by the president of a borough, charged with being personally interested in paving contracts, is an "important case," within Laws 1901, p. 1462, c. 602, as amended by Laws 1904, p. 1147, c. 458, providing that where, upon application, it appears to the court that, because of the importance of a case, a special jury is required, the court may make an order directing that it shall be so tried.

   [Ed. Note.—For other cases, see Jury, Cent. Dig. §§ 9–11; Dec. Dig. § 6.*

   For other definitions, see Words and Phrases, vol. 4, p. 3440.]

4. CONSTITUTIONAL LAW (§ 70*)—ENCROACHMENT OF JUDICIARY ON LEGISLATURE—POLICY OF LAW.

   The courts have nothing to do with the policy of a law, which is a question for the Legislature.

   [Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. § 131; Dec. Dig. § 70.*]

Appeal from Special Term, Kings County.

Action by Bird S. Coler against the Brooklyn Daily Eagle. From an order denying its motion for a special jury, defendant appeals. Reversed, and motion granted.

Argued before HIRSCHBERG, P. J., and JENKS, RICH, and MILLER, JJ.

William N. Dykman, for appellant.

Martin Conboy, for respondent.

MILLER, J.   The action is for the publication by the defendant of an article charging the plaintiff, the borough president of the borough of Brooklyn, with being interested in street paving contracts in violation of section 1533 of the charter.   The complaint demands damages in the sum of $100,000.

---

The respondent raised on oral argument for the first time the point that chapter 564, p. 1348, of the Laws of 1902, is unconstitutional for offending article 3, § 18, of the state Constitution, which provides that:

"The Legislature shall not pass a private or local bill in any of the following cases: * * * . Selecting, drawing, summoning or impaneling grand or petit jurors."

It must be conceded that said statute is a local act, and that it does provide for selecting and drawing petit jurors. The jury law, applicable to Kings county, is a special act. Chapter 322, p. 517, of the Laws of 1858; chapter 10, tit. 4, art. 2, §§ 1126–1162, of the Code of Civil Procedure. The statute in question does not purport to be an amendment of that statute, and it is unnecessary now to inquire whether it may be sustained as being in effect an amendment of an existing act (see People v. Petrea, 92 N. Y. 128), for the reason that there is a general act, containing similar provisions respecting the drawing of special juries, which is applicable to Kings county, if the particular provision of the statute in question relating to that subject be deemed to be invalid. In so far as the act of 1902 provides for the appointment of a commissioner of jurors for Kings county, it does not offend the constitutional provision in question. People v. Petrea, supra. The general act above referred to is chapter 602, p. 1462, of the Laws of 1901, as amended by chapter 458, p. 1147, of the Laws of 1904. Said chapter 602, p. 1462, of the Laws of 1901 violated section 2 of article 10 of the Constitution, in that it provided for the appointment of a county officer by state officers (Matter of Brenner, 170 N. Y. 185, 63 N. E. 133), and it was to meet that decision that the statute was amended by said chapter 458, p. 1147, of the Laws of 1904. That statute is applicable to counties having a population of 1,000,000 or more according to the last federal census, and hence does not offend the constitutional provision in question for being a local law. People v. Dunn, 157 N. Y. 528, 52 N. E. 572, 43 L. R. A. 247. It follows, therefore, that there is a valid statute, applicable to the county of Kings, which provides for the drawing of special jurors for the trial of an issue of fact raised in any civil or criminal action.

So far as pertinent to the question involved on this appeal, the statute provides:

"Where, upon such application, it appears to the court that by reason of the importance or intricacy of the case, a special jury is required, or that the subject-matter of the indictment or the issue to be tried has been so widely commented upon that the court is satisfied that an ordinary jury cannot without delay and difficulty be obtained to try such issue, or that for any other reason the due, efficient and impartial administration of justice in the particular case would be advanced by the trial of such an issue by a special jury, the court to which the motion is made may make an order directing that such trial be had by a special jury, and such trial shall be had accordingly."

It will be observed that the statute specifies in the disjunctive different reasons for granting the application. Eliminating all but the one deemed to be particularly applicable to this case, the statute would read as follows:

"Where upon such application, it appears to the court that by reason of the importance of the case, a special jury is required, the court to which the mo-

tion is made may make an order, directing that such trial be had by a special jury, and such trial shall be had accordingly."

The learned justice before whom the motion was made was of the opinion that the case was important, but denied the motion upon grounds not necessary to comment upon, further than to say that they would preclude the drawing of a special jury in any case.

The reason for granting a special jury, now under consideration, is expressed by the statute in the language found in section 1063 of the Code of Civil Procedure, which provides for a struck jury. A similar statute was passed in this state as early as 1801. See Laws 1801, p. 222, c. 98, § 22. It was early held in this state that a case of public interest was important within the meaning of the statute, and it was the settled rule to order a struck jury in actions by public officials for a libel respecting official conduct. It has lately been held by this court in the First department that that rule is sustained by both reason and authority, and should still be followed. Jerome v. New York Evening Journal Pub. Co., 124 App. Div. 372, 108 N. Y. Supp. 801. The opinion of Mr. Justice Laughlin cites the early cases, and comments upon the case of Adams v. Morgan, 67 Hun, 649, 21 N. Y. Supp. 1057, which is cited by the respondent on this appeal as authority for the contention that a different rule prevails in this department. As noted by Mr. Justice Laughlin, the General Term in this department was of the opinion that the Adams Case was important only to the immediate parties. It cannot be said that the present case is important only to the immediate parties. The public are interested in the investigation of a charge that so important a public official as the borough president had been personally interested in city paving contracts.

Many facts are adduced by the appellant in support of the claim that the case is intricate. If the case is important, within the meaning of the statute, it is unnecessary to enter into the consideration of the merits of that claim. The decision in the Jerome Case, supra, was squarely put upon the ground of its importance, as well as of its intricacy, and, as already observed, either ground suffices for the granting of the motion. It is unseemly that conflicting rules should prevail in different departments of the same court, especially in the same city, and irrespective of our individual opinions respecting the practice of ordering special juries in this class of cases, we should follow the rule adopted by the Appellate Division of the First Department, out of respect for the decisions of that court and regard for the orderly administration of justice.

We have nothing to do with the policy of the law. The arguments addressed to us by the respondent, and which prevailed in the court below, might with propriety be addressed to the Legislature.

It is true that the statute for special juries is permissive in terms, while section 1063 of the Code of Civil Procedure is mandatory, and the motion was for a special, not for a struck, jury. The motion in the Jerome Case was for a struck jury; but the court, deeming for reasons stated the provision for a special jury as a substitute, held that it rested in the discretion of the court to order a struck or a special

jury, and ordered a special jury. The practice in this case of moving for a special jury followed the rule thus laid down.

The order should be reversed, and the motion granted.

Order reversed, with $10 costs and disbursements, and motion granted, with costs. All concur.